## TASIN v. REED.

### In re LINCECUM'S ESTATE.

#### No. 11840.

Court of Civil Appeals of Texas. San Antonio.

June 23, 1948.

C. C. Carsner, of Victoria, for appellant.

J. Barney Daniel, of Victoria, for appellee.

NORVELL, Justice.

The east one-half of Lot 3, Block 173, in the City of Victoria, Texas, was the community property of J. L. Lincecum and his wife, Ida Luter Lincecum. J. L. Lincecum predeceased his wife, who, as survivor, continued to occupy the premises as a homestead, operating a boarding house thereon. In 1943 Ida Luter Lincecum died. Arthur Heinke was appointed administrator of her estate and he in turn was succeeded by Joseph M. Tasin, the appellant here.

The marriage of J. L. Lincecum and Ida Luter Lincecum was a second marriage for both of them. The appellee, Lucille Reed,

was the sole heir of J. L. Lincecum and Leona Holcak was the sole heir of Ida Luter Lincecum. Prior to the trial of this cause in the District Court, Lucille Reed and Leona Holcak had sold the property and apparently divided the proceeds between them.

For some time after the death of Ida Luter Lincecum, the administrators continued to operate the property as a rooming house. Lucille Reed contends that proper allowances to her were not made for the use of her one-half of the property.

It seems that she filed a claim or protest to this effect in the County Court. However, when the final account of the administrator came up for approval, she was not present. The County Judge approved the final account presented, but thereafter, at a subsequent term, set this order aside on the ground that the administrator did not make known the fact that Lucille Reed had an interest in the property.

This action was taken upon the application of Lucille Reed, which was designated as a bill of review.

Joseph M. Tasin, the administrator, appealed to the District Court. The case was tried de novo to a jury, but, upon the conclusion of the evidence, the trial judge decided that no fact issues were involved and held as a matter of law that the order approving the administrator's account should be set aside. The holding was the same as that made by the County Court and apparently based upon the finding that the administrator mistakenly treated all of the property involved as belonging to the estate of Ida Luter Lincecum, and not recognizing the one-half interest of Lucille Reed.

Appellant presents six points.

The third point is sustained. We are of the opinion that the court erred in taking the case from the jury.

In attempting to obtain the rentals which she believed due her, Lucille Reed filed a bill of review, or made a direct attack in equity upon the order of the Probate Court approving the final account of the administrator and granting him a discharge. She had appeared in the Probate Court by filing pleadings, and alleged in the District Court that she did not appear at the time the County Court order approving the account was rendered because her attorney had an understanding with the attorney for the administrator that the matter would be considered upon some mutually agreeable date, and that the order was entered without her knowledge.

██ This allegation, as well as others in the trial pleadings, related to the issue of extrinsic fraud. The evidence as to this issue was conflicting. The law applicable to direct equitable attacks upon probate orders is well stated in 25 Tex.Jur. 594, § 192, in which Freeman on Judgments, 5th Ed. Vol. 3, 2456, § 1184, is quoted from as follows: "The fraud which will justify equitable relief against probate orders or judgments must, of course, be extrinsic."

█ Appellant's fifth point is likewise sustained. It appears that Lucille Reed is a married woman, her husband being W. A. Reed. The husband was not mentioned in the judgment, nor in the petition upon which the trial was had. No reason for his non-joinder was alleged. W. A. Reed was therefore an indispensable party. Article 1983, Vernon's Ann.Civ. Stats.; Wade v. Wade, 140 Tex. 339, 167 S.W.2d 1008; 1 Tex.Jur. 144, § 103.

█ There was no error in the admission of evidence relating to representations or agreements made with reference to the time upon which a hearing upon the final account should be had in the County Court. This evidence was material upon the issue of fraud, even though the agreement did not comply with Rule 11, Texas Rules Civil Procedure. We overrule appellant's fourth point.

Appellant, by his sixth point, contends that this Court should dismiss this cause. The point is without merit and accordingly overruled.

█ Appellant's first and second points are too general and for that reason are overruled.

By reason of the errors pointed out, the judgment is reversed and the cause remanded for new trial.