On July 28, 1981, the State filed a motion to revoke appellant's probation based on violation of the above-mentioned conditions. A hearing was held on April 27, 1982, and, after hearing the evidence, the trial court revoked appellant's probation.

**In the Matter of C. J. P., a minor, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. B14–82–284CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 20, 1983.

Sam W. Dick, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

ROBERTSON, Justice.

Appellant appeals from a juvenile court order waiving its exclusive original jurisdiction and transferring him to the district court for criminal proceedings pursuant to Tex.Fam.Code Ann. § 54.02 (Vernon 1975). He asserts three points of error to vacate that order. We affirm.

■ In his third ground of error, appellant contends "the evidence was insufficient for the trial court to grant the state's motion to transfer." Tex.R.Civ.P. 418(d) provides: "points [of error] will be sufficient if they direct the attention of the court to the error relied upon." Appellant presents this point of error complaining of the insufficiency of the evidence and yet, in his argument and authorities, he asks this court to direct the lower court to consider the six factors listed in Tex.Fam.Code Ann. § 54.02(f) (Vernon 1975). Even though our briefing rules are to be liberally construed and "substantial compliance . . . will suffice in the interest of justice," Tex.R.Civ.P. 422, we are unable to consider this point because appellant's brief does not clearly state the point of error relied upon and fails to provide coherent argument with applicable authority. In a criminal appeal appellant's third point of error may be sufficient to preserve error. However, since this is a civil appeal a point of error alleging "insufficient evidence" is too general to direct our "attention" to the error complained of and will be overruled on appeal. *Tasin v. Reed,* 212 S.W.2d 958 (Tex.Civ.App.—San Antonio 1948, no writ.). It has long been the law of Texas that points not properly briefed are waived. *Arrechea v. Arrechea,* 609 S.W.2d 852 (Tex.Civ.App.—Houston [14th Dist.] 1981, writ ref'd n.r.e.). Accordingly, appellant has waived this point of error, and it is overruled.

■ In appellant's first and second points of error he complains of the admission into evidence of the psychiatric examination and report ordered by the juvenile court because it was a violation of U.S. Const. amend. V and Tex.Rev.Civ.Stat.Ann. art. 5561h (Vernon Supp. 1982–1983). This court held in *K.W.M. v. State,* 598 S.W.2d 660 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ), that the admission of a psychological report and evaluation of a child, as required by Tex.Fam.Code Ann. § 54.02(d) (Vernon 1975), does not violate a child's right against self-incrimination under U.S. Const. amend. V. The court reasoned the proceeding in which a juvenile court decides whether it waives its exclusive original jurisdiction and transfers the child to an appropriate criminal district court is not an adjudication of the child's

guilt or innocence. Accordingly, the child's Fifth Amendment rights are not in issue and are not violated by the admission of such report. We adhere to this ruling and, as a result, appellant's Fifth Amendment rights in this case were not violated.

 Article 5561h deals with the confidentiality of mental health information of an individual. Appellant asks this court to hold the juvenile court violated 5561h when it considered the psychiatric portion of the diagnostic study it had ordered. We refuse to do so. Tex.Fam.Code Ann. § 54.02(d) mandates the juvenile court to order and consider a complete diagnostic study prior to holding the hearing on whether it will waive its jurisdiction. A psychiatric report is considered part of the complete diagnostic study. *L.M. v. State,* 618 S.W.2d 808 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). Article 5561h would seem to be in conflict with § 54.02(d) by not allowing the juvenile court to consider the psychiatric report unless one of the exceptions in article 5561h § 4(a) exists. The rule is in construing a statute and its subject matter reason and effect must be looked to and when a literal enforcement would lead to consequences which the legislature could not have contemplated, the courts are bound to presume such consequences were not intended and adopt a construction which will promote the purpose for which the legislation was passed. *Duval Corporation v. Sadler,* 407 S.W.2d 493 (Tex.1966); *Salas v. State,* 592 S.W.2d 653 (Tex.Civ.App.—Austin 1979, no writ). We do not believe the legislature would intend for a juvenile court to be bound by article 5561h when it has required that court to order and consider a complete diagnostic study prior to conducting a hearing on whether to waive its jurisdiction. We hold a juvenile court may order a psychiatric examination conducted and receive such report in evidence for the court's consideration in such a hearing without violating article 5561h. These two identical contentions were also rejected by the 1st Court of Appeals in a companion case to this one in *A.D.P. v. State,* 646 S.W.2d 568 (Tex.App.—Houston [1st Dist.] 1982, no writ). Appel-

lant's first and second points of error are overruled.

The order of the juvenile court waiving jurisdiction is affirmed.