TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00766-CV






In the Matter of N. B.






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 97-0173-J368, HONORABLE BURT CARNES, JUDGE PRESIDING 







 The district court, sitting as a juvenile court, transferred N. B. to criminal district
court for trial as an adult. See Tex. Fam. Code Ann. § 54.02(j) (West 1996). N. B. appeals from
that order. We will affirm. (1)


Procedural History



 In April 1997, the Williamson County Sheriff's Department received a sexual-abuse
report from Child Protective Services. The alleged offender, a family member, was nineteen years
of age at the time of the report but sixteen at the time the offense occurred. After an investigation,
the County Attorney filed a petition alleging that N. B. had engaged in delinquent conduct by
committing aggravated sexual assault and indecency with a child. In August 1997, the State of
Texas filed a petition seeking transfer of the accused from the juvenile court of Williamson County
to criminal district court for trial as an adult. The hearing on the State's motion was held October
3, 1997, with testimony from a juvenile probation officer, a psychologist, and two of appellant's
family members. The court transferred appellant to criminal district court in Williamson County
for prosecution as an adult.

 Appellant brings two points of error. He complains that, because of the
circumstances under which it was performed, admission of the court-ordered diagnostic study
violated his Fifth Amendment privilege against self-incrimination and Sixth Amendment right to
counsel because he did not have the right to refuse the study and he was not informed of his rights
before the exam. (2)


Discussion and Holdings



 We review the juvenile court's decision to waive its jurisdiction and transfer the
accused to district court under an abuse of discretion standard. In re M. A., 935 S.W.2d 891, 896
(Tex. App.--San Antonio 1996, no writ); In re C. C., 930 S.W.2d 929, 933 (Tex. App.--Austin
1996, no writ).

 Appellant complains that the admission of the diagnostic study violated his Fifth
Amendment privilege against self-incrimination. See U. S. Const. amend. V. Several Texas
courts have considered this complaint and resolved the issue against appellant's position. See In re
J. C. J., 900 S.W.2d 753, 754 (Tex. App.--Tyler 1995, no writ); In re C. J. P., 650 S.W.2d 465,
466 (Tex. App.--Houston [14th Dist] 1983, no writ); In re A. D. P., 646 S.W.2d 568, 569 (Tex.
App.--Houston [14th Dist] 1982, no writ); In re K. W. M., 598 S.W.2d 660, 661-62 (Tex. Civ. 
App.--Houston [14th Dist] 1980, no writ). Appellant presents no contrary authority or 
compelling reason for this Court to diverge from the holdings in these cases. Accordingly, we
overrule point of error one.

 In his second point of error, appellant contends that the admission of the diagnostic
study violated his Sixth Amendment right to counsel. See U. S. Const. amend VI. We disagree. 
In Hidalgo v. State, 983 S.W.2d 746, 754 (Tex. Crim. App. 1999), the court noted that the
purpose of the study mandated by the Family Code is to assist the juvenile court in considering
the statutory factors it must weigh in order to determine whether to transfer the juvenile. The
court acknowledged that the transfer to criminal district court for adult prosecution has serious
consequences but declined to hold that the exam constitutes a critical stage triggering Sixth
Amendment protection. Id. at 755. In determining whether an event rises to such a critical level,
the court considers whether the accused requires aid in coping with legal problems or assistance
in meeting his adversary. Id. The court agreed that the juvenile should be advised of the nature
and purpose of the exam but observed that the exam itself is not the type of legal confrontation that
can be understood only after consulting with counsel. Id. at 755. The Texas Court of Criminal
Appeals has also held that a defendant does not have a Sixth Amendment right to have counsel
present during the administration of a psychological exam. See Lagrone v. State, 942 S.W.2d
602, 612 (Tex. Crim. App. 1997). Inasmuch as appellant did not have a decision to make
concerning the mandatory exam that required assistance of counsel and had no right to have
counsel present during the exam itself, we hold that admission of the diagnostic study did not
violate appellant's right to counsel. We overrule point of error two.

 Further, we note the court had before it appellant's two written confessions to the
offense given after proper warnings from a magistrate. The purpose of a transfer hearing is to
determine whether the best interests of society are served by handling the accused in the juvenile
system or in the adult criminal system. See B. R. D. v. State, 575 S.W.2d 126, 131 (Tex. Civ.
App.--Corpus Christi 1979, writ ref'd n.r.e.); In re Hunsacker, 539 S.W.2d 198, 201 (Tex. Civ. 
App.--Dallas 1976, writ ref'd n.r.e.). Because of appellant's age, the juvenile court had lost
jurisdiction to adjudicate him a delinquent child. Its only course was to transfer the accused to
criminal court or dismiss the cause. See State v. Casanova, 494 S.W.2d 812, 813 (Tex. 1973);
In re G. M. P., 909 S.W.2d 198, 212 (Tex. App.--Houston [14th Dist] 1995, no writ); see also
R. E. M. v. State, 569 S.W.2d 613, 615 (Tex. Civ. App.--Waco 1978, writ ref'd n.r.e.); see
generally Robert O. Dawson, Texas Juvenile Law 22-23 (4th ed. 1996). Thus, the results of the
diagnostic study could not weigh in favor of retaining jurisdiction for juvenile court adjudication. 
In light of the confessions and the nature of the offense, dismissal was unlikely unless the results
of the diagnostic study could outweigh his confessions to such a degree as to lead the court to
conclude that the best interests of society would be served by discharging appellant and dismissing
the case. Under these facts, we fail to see how admission of the study harmed appellant.

 We hold that the trial court did not abuse its discretion in transferring appellant to
criminal district court for trial as an adult and affirm the trial court's order.




 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Jones and Yeakel

Affirmed

Filed: April 15, 1999

Do Not Publish
1. Because the conduct in this cause occurred prior to January 1, 1996, appellant may appeal
the juvenile court's order transferring jurisdiction directly, rather than having to wait until the
appeal, if any, from a conviction for the underlying offense as now mandated. See Tex. Code
Crim. Proc. Ann. art. 44.47(b) (West Supp. 1999); In re D. D., 938 S.W.2d 172, 174 (Tex.
App.--Fort Worth 1996, no writ).
2. Part of each of appellant's points of error and of his argument in his brief is that the
mandatory nature of the study violated his Fifth and Sixth amendment rights. At trial, however,
appellant objected only to the admissibility of the studies as performed, not to the mandatory
nature of the studies. Because this part of appellant's points of error does not comport with his
trial objection, this argument was not preserved for appellate review. See In re C. O. S., 42 Tex.
Sup. Ct. J. 461, 463-65 (April 1, 1999) (applying Court of Criminal Appeals analysis in juvenile
case to determine whether preservation required); Dunn v. State, 819 S.W.2d 510, 524-25 (Tex.
Crim. App. 1991).



ate, 983 S.W.2d 746, 754 (Tex. Crim. App. 1999), the court noted that the
purpose of the study mandated by the Family Code is to assist the juvenile court in considering
the statutory factors it must weigh in order to determine whether to transfer the juvenile. The
court acknowledged that the transfer to criminal district court for adult prosecution has serious
consequences but declined to hold that the exam constitutes a critical stage triggering Sixth
Amendment protection. Id. at 755. In determining whether an event rises to such a critical level,
the court considers whether the accuse