TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00664-CR







Carlos Manuel Vasquez, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF HARRIS COUNTY, 174TH JUDICIAL DISTRICT


NO. 806679, HONORABLE GEORGE GODWIN, JUDGE PRESIDING







Appellant Carlos Manuel Vasquez pleaded guilty to an indictment accusing him of
aggravated assault. See Tex. Penal Code Ann. § 29.03 (West 1994). The district court adjudged
him guilty and imposed sentence of imprisonment for fifteen years. We will affirm.

Appellant, who was sixteen years old at the time of the offense, contends the
juvenile court did not properly waive its jurisdiction and transfer him to district court for criminal
proceedings. See Tex. Fam. Code Ann. § 54.02 (West Supp. 2000). (1) The State responds that
appellant waived this contention by failing to appeal the transfer order. The State's argument
overlooks the adoption effective January 1, 1996, of Code of Criminal Procedure article 44.47. 
See Tex. Code Crim. Proc. Ann. art. 44.47 (West Supp. 2000). Under this statute, the appeal
of a juvenile court transfer order is taken in conjunction with the appeal of the subsequent criminal
conviction. See id. art. 44.47(b). The defendant may raise any claim that could have been raised
on a direct appeal of the transfer order under prior law. See id. art. 44.47(d). Appellant's point
of error was not waived.

Before conducting a transfer hearing, a juvenile court must order and obtain a
complete diagnostic study, social evaluation, and full investigation of the child, his circumstances,
and the circumstances of the alleged offense. See Tex. Fam. Code Ann. § 54.02(d) (West Supp.
2000). Appellant contends the "certification investigation report" prepared in this cause was
inadequate because it did not address the factors governing the juvenile court's determination to
waive jurisdiction. In determining whether to waive its jurisdiction, a juvenile court must
consider (1) whether the alleged offense was against person or property; (2) the sophistication and
maturity of the child; (3) the record and previous history of the child; and (4) the protection of
the public and the likelihood of rehabilitation of the child within the juvenile system. See id. §
54.02(f). Appellant cites no authority mandating that the prehearing report specifically address
the subsection (f) factors.

The certification investigation report in this cause contains a juvenile probation
officer's summary, a psychological evaluation, a psychiatric evaluation, a physical examination
workup, and appellant's elementary school record. The report contains descriptions of the alleged
offense and summaries of appellant's record and previous history. The psychological and
psychiatric evaluations discuss appellant's maturity and contain information that is relevant to the
determination of appellant's rehabilitative potential. The report does not specifically discuss the
procedures, services, and facilities available within the juvenile system, but the juvenile court
would be expected to be familiar with them. In any event, the adequacy of a pretransfer
diagnostic report is to be determined by the juvenile court, and its acceptance of the report will
not be disturbed on appeal absent a showing of an abuse of discretion. See In re J.C.J., 900
S.W.2d 753, 754 (Tex. App.--Tyler 1995, no writ). No abuse of discretion is shown here. 

The juvenile court's order waiving jurisdiction states that the court considered each
of the subsection (f) factors. The court specifically found that appellant has the sophistication and
maturity to intelligently and voluntarily waive his rights and to aid in his defense, that the offense
was committed against the person of another, and that "there is little, if any prospect of adequate
protection of the public and likelihood of reasonable rehabilitation" of appellant within the
juvenile system. Appellant does not challenge these findings. Point of error two is overruled.

Appellant contends his guilty plea was involuntary because his attorney promised
him he would receive a probated sentence. Appellant says he relied on this assurance from
counsel, and would not have entered the plea had he fully understood the possible consequences. 
See Ex parte Morrow, 952 S.W.2d 530 (Tex. Crim. App. 1997). To support this contention,
appellant refers us to affidavits attached to his motion to supplement the record that was overruled
by this Court. Appellant stated that these affidavits were not attached to or filed with the motion
for new trial, but were presented to the district court before it ruled on the motion. The record
reflects, however, that the motion for new trial was overruled without a hearing and that these
affidavits were never admitted in evidence. See Rios v. State, 510 S.W.2d 326, 328-29 (Tex.
Crim. App. 1974); see also Janecka v. State, 937 S.W.2d 456, 476 (Tex. Crim. App. 1996). 
There being no evidence to support appellant's claim, point of error one is overruled.

Appellant complains that he was not given adequate time to read the presentence
report. See Tex. Code Crim. Proc. Ann. art. 42.12, § 9(d) (West Supp. 2000). As evidence of
this, appellant points out that the report was file marked by the district clerk on the same day he
was sentenced. But as the State correctly responds, the file date does not necessarily reflect the
date appellant was given the report for examination. Appellant voiced no complaint at the
sentencing hearing regarding his opportunity to examine the presentence report. Moreover, the
hearing record reflects that appellant's counsel was familiar with the contents of the report, even
pointing out an error to the court. Finding no support in the record for appellant's contention,
we overrule point of error four.

Finally, appellant contends the fifteen-year sentence is so against the great weight
and preponderance of the evidence as to be clearly wrong and unjust. See Clewis v. State, 922
S.W.2d 126, 129 (Tex. Crim. App. 1996); Stone v. State, 823 S.W.2d 375, 381 (Tex.
App.--Austin 1992, pet. ref'd as untimely filed). Citing his youth and other circumstances,
appellant urges that "a sentence that involved community supervision and boot camp would be the
appropriate sentence. Sentencing this juvenile to 15 years in the Institutional Division is clearly
wrong and unjust."

Appellant was eligible for deferred adjudication community supervision. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 5 (West Supp. 2000). The decision to grant or deny such
supervision was committed to the discretion of the district court, and its exercise of that discretion
is absolute and unreviewable. See Flournoy v. State, 589 S.W.2d 705, 707 (Tex. Crim. App.
1979). This Court is in no position to review the factual sufficiency of the evidence as it relates
to the court's decision to forgo deferred adjudication and impose a sentence of imprisonment. 
Point of error three is overruled.

The judgment of conviction is affirmed.



 


 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Affirmed

Filed: June 22, 2000

Do Not Publish
1. The 1999 amendments to section 54.02 are irrelevant to this appeal. 



t, and its acceptance of the report will
not be disturbed on appeal absent a showing of an abuse of discretion. See In re J.C.J., 900
S.W.2d 753, 754 (Tex. App.--Tyler 1995, no writ). No abuse of discretion is shown here. 

The juvenile court's order waiving jurisdiction states that the court considered each
of the subsection (f) factors. The court specifically found that appellant has the sophistication and
maturity to intelligently and voluntarily waive his rights and to aid in his defense, that the offense
was committed against th