NO. 12-03-00113-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


§
 



IN RE: WILLIAM ESPINOZA PENA
§
 ORIGINAL PROCEEDING



§
 






 

OPINION
 

 Relator William Espinoza Pena ("Relator") seeks a writ of mandamus directing the 369th
District Court of Anderson County, Texas to rule on Relator's "Objections to Court Order of
Dismissal of February 20, 2003 and Motion for Reconsideration/New Trial and Evidentiary Hearing
in the Interest of Justice" ("motion for new trial") filed on March 13, 2003. On February 20, 2003,
the trial court dismissed Relator's lawsuit against various defendants associated with the Texas
Department of Criminal Justice-Institutional Division. The lawsuit was dismissed as frivolous
pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code, and the trial court has taken
no action on Relator's motion for new trial. 

 A writ of mandamus will only be issued "to correct a clear abuse of discretion or [a] violation
of a duty imposed by law where there is no other remedy by law." Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916, 917 (Tex. 1985). A party seeking mandamus relief must generally bring
forward all that is necessary to establish the claim for relief. See Tex. R. App. P. 52. This includes
providing an adequate record to substantiate the allegations contained in the petition for mandamus.
Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992). Without a sufficient record, a party seeking
mandamus relief has not proved any entitlement to the writ. Id. 

 While Relator has alleged that the trial court will not make a ruling on his motion for new
trial, he has failed to provide this court with the documents and other information required by Rule
52. Without an adequate record, we cannot make a determination of whether the trial court has
violated any legal duty or abused its discretion. Furthermore, as previously stated, mandamus will
not issue where there is "a clear and adequate remedy at law, such as a normal appeal." Walker, 827
S.W.2d at 840. In the event a motion for new trial is not determined by a written order signed within
seventy-five days after the judgment was signed, it will be considered overruled by operation of law
upon the expiration of that period. Tex. R. Civ. P. 329b(c). Relator has failed to make any showing
that a regular appeal from the overruling of his motion for new trial by operation of law is not an
adequate remedy. Accordingly, the writ of mandamus is denied.


 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered April 16, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.







(PUBLISH)