# NO. 12-10-00141-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  | § |  |
|---|---|---|
| *IN RE: B.T., A JUVENILE,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | | |
|  | § | |

## *MEMORANDUM OPINION*

In this original proceeding, B.T., a juvenile, seeks a writ of mandamus directing the respondent to "(1) vacate the May 3, 2010 juvenile court order that [a] complete diagnostic study is not necessary; (2) vacate the May 10, 2010 juvenile court order denying B.T.'s motion for reconsideration; and (3) enjoin[] any attempt to conduct a transfer hearing without the complete diagnostic study."[1] We deny the petition.

## BACKGROUND

B.T. is a seventeen year old juvenile. In September 2007, B.T. was evaluated by Dr. Paul Andrews, a licensed psychologist, for fitness to proceed in a juvenile matter. Dr. Andrews reported that B.T. was fit to proceed, and B.T. was subsequently adjudicated delinquent. He was assessed an indeterminate term of confinement in the Texas Youth Commission for the offense.

B.T. is presently charged with murder. The State filed a petition for discretionary transfer (the "transfer motion") asking that the trial court waive its exclusive jurisdiction and order that B.T. be transferred to the appropriate district court for criminal proceedings. The State also filed a motion for completion of the diagnostic study and investigation required by Texas Family Code section 54.02(d). Respondent granted the

---

[1] The respondent is the Honorable Floyd T. Getz, Judge of the County Court at Law No. 3, Smith County, Texas.

State's motion and ordered that Emily Fallis, Ph.D. assist the Smith County Juvenile Services Department in making the following investigations and assessments:

1. A complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense

2. The background of the child

3. The sophistication and maturity of the child

4. The record and previous history of the child

5. The prospects of adequate protection of the public and the likelihood of the rehabilitation of the child by use of procedures, services, and facilities currently available to the juvenile court.

Dr. Fallis performed a diagnostic study and submitted a ten and one-half page single spaced report in which she related the details of B.T.'s background, his mental status and her observations, his testing results, information pertaining to his fitness to proceed, and a five-Axis psychological diagnosis. Dr. Fallis concluded in her report that B.T. has a "mental disease or defect which substantially impairs his capacity to understand the allegations against him and the proceedings in juvenile court or to assist in his own defense." Consequently, Dr. Fallis deferred proffering an opinion on B.T.'s capacity to be adjudicated as an adult until he was fit to proceed. She recommended that B.T. receive inpatient psychiatric treatment to help him attain a minimal level of fitness to proceed and then be reevaluated for purposes of the State's transfer motion.

At the joint urging of B.T.'s counsel and the State, and after reviewing Dr. Fallis's report, Respondent ordered that B.T. be sent for ninety days to a state hospital. B.T. was committed to the Vernon State Hospital where, after undergoing treatment and counseling, he was deemed to have reached a minimum level of fitness to proceed. He was returned to Smith County, and Respondent set a transfer hearing for May 13, 2010.

At a detention hearing for B.T. on May 3, 2010, the respective counsel for B.T. and the State inquired whether Respondent would reschedule the transfer hearing to allow Dr. Fallis or some other professional sufficient time to complete the diagnostic study. Respondent explained that "I think we are at the point where I've got so much in front of me that's of a psychological evaluative nature that the Court is very comfortable proceeding on that and making the correct determinations under the statute." He then informed counsel that he would consider the reports from Dr. Andrews, Dr. Fallis, and

Vernon State Hospital sufficient under section 54.02(d). B.T.'s counsel objected that each of these three reports addressed B.T.'s fitness to proceed, and are not the complete diagnostic study required by statute.

B.T. filed a motion requesting the trial court to reconsider its May 3 ruling, which was denied. This original proceeding followed. Along with his petition for writ of mandamus, B.T. filed a motion for emergency relief requesting a stay of the transfer hearing until this court ruled on the merits of his petition. We granted the stay.

## PREREQUISITES TO MANDAMUS

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker*, 827 S.W.2d at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly is an abuse of discretion. *Id.* An appellate remedy is "adequate" when any benefits to mandamus review outweigh the detriments. *In re Prudential*, 148 S.W.3d at 136.

A party seeking mandamus relief must generally bring forward all that is necessary to establish the claim for relief. *See Walker*, 827 S.W.2d at 837; *In re Pena*, 104 S.W.3d 719, 719 (Tex. App.–Tyler 2003, orig. proceeding); *see also* TEX. R. APP. P. 52. Therefore, it is B.T.'s burden to provide this court with a sufficient record to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Pena*, 104 S.W.3d 719.

## ABUSE OF DISCRETION

B.T. admits that the trial court ordered the required "complete diagnostic study." He contends, however, that the court's failure to allow the "completion" of the study once he returned from Vernon State Hospital constitutes an abuse of discretion. B.T. further complains that the reports Respondent plans to consider in the transfer hearing–those prepared by Dr. Andrews, Dr. Fallis, and the Vernon State Hospital–address only B.T.'s fitness to proceed. He also asserts that the reports do not "investigate or assess his circumstances, or the circumstances of the offense or any of the requirements ordered by the Court pursuant to §54.02." The State admits that the trial court's order is "perhaps not an overt abuse of discretion." But the State also expresses its concern that the

3

reevaluation and additional report B.T. requests may be mandatory under section 54.02(d).

**Waiver of Jurisdiction and Transfer**

A juvenile court may waive its exclusive original jurisdiction and transfer a child to the appropriate district court or criminal district court for criminal proceedings under the circumstances prescribed by statute. *See* TEX. FAM. CODE ANN. § 54.02(a) (Vernon Supp. 2009). Before any such transfer may occur, the juvenile court must conduct a hearing without a jury to consider transfer of the child. *Id*. § 54.02(c) (Vernon Supp. 2009). Prior to the transfer hearing, the juvenile court must order and obtain a complete diagnostic study, social evaluation, and full investigation of the child, his circumstances, and the circumstances of the offense. TEX. FAM. CODE ANN. § 54.02(d) (Vernon Supp. 2009). A child can be treated as an adult offender only if the juvenile court has ordered and obtained a diagnostic study of the child or if the child has effectively waived the diagnostic study. *R.E.M. v. State*, 532 S.W.2d 645, 648 (Tex. Civ. App.–San Antonio 1975, no writ).

**This Court's Review and the Record**

The legislature has not defined "complete diagnostic study." *See* TEX. FAM. CODE ANN. § 54.02 (Vernon Supp. 2009). However, the statutory requirement of a complete diagnostic study bears upon the maturity and sophistication of the child and relates to the questions of culpability, responsibility for conduct, and ability to waive rights intelligently and assist in the preparation of a defense. *L.M. v. State.*, 618 S.W.2d 808, 811 (Tex. App.–Houston [1st Dist.] 1981, writ ref'd n.r.e.). The paramount concern of the juvenile court is the qualitative content of a diagnostic study, rather than a mere quantitative checklist of included items. *Id.* at 811-12. The completeness of a diagnostic report is to be determined by the juvenile court itself. *In re J.C.J.*, 900 S.W.2d at 754. However, this discretion is not unlimited.[2] *See id.* (ruling on diagnostic study not to be overturned on direct appeal except for abuse of discretion).

To determine whether B.T. is entitled to mandamus, we must first determine whether the trial court abused its discretion in denying B.T.'s motion for the "completion" of Dr. Fallis's report. In doing so, we would address whether the trial court can comply with section 54.02(d) by, in effect, substituting the Vernon State Hospital's

---

[2] It is interesting to note that no cases exist in which the juvenile court's ruling on the completeness of a diagnostic study under section 54.02(d) has been tested by mandamus.

4

report for a reevaluation and report by Dr. Fallis. If we decided that question against B.T., we would then address B.T.'s argument that the focus of the three reports (his fitness to proceed) renders them substantively inadequate for purposes of the transfer hearing. A review of all three reports would be integral to our review.

As previously stated, it is B.T.'s burden to provide this court with a sufficient record to establish his right to mandamus relief. *See* ***Walker***, 827 S.W.2d at 837; ***In re Pena***, 104 S.W.3d 719. However, the reports of Dr. Andrews and Vernon State Hospital are not included in the record before us. Without these reports, we cannot fully consider whether the trial court's order constitutes an abuse of its discretion. Consequently, B.T. has not shown that he is entitled to mandamus relief. Therefore, we do not decide whether B.T. has an inadequate remedy by appeal. *See* TEX. R. APP. P. 47.1.


## DISPOSITION

Because B.T. has not shown that he is entitled to mandamus relief, his petition for writ of mandamus is ***denied***. Our May 13 stay is lifted.


JAMES T. WORTHEN
Chief Justice



Opinion delivered May 21, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)


5