NO. 12-10-00141-CV

 

IN THE COURT OF APPEALS          

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

                                                                        §                      

IN RE: B.T., A JUVENILE,

                                                                        §                      ORIGINAL
PROCEEDING

RELATOR

                                                                        §                      







            MEMORANDUM
OPINION

            In
this original proceeding, B.T., a juvenile, seeks a writ of mandamus directing
the respondent to “(1) vacate the May 3, 2010 juvenile court order that [a]
complete diagnostic study is not necessary; (2) vacate the May 10, 2010
juvenile court order denying B.T.’s motion for reconsideration; and (3)
enjoin[] any attempt to conduct a transfer hearing without the complete
diagnostic study.”[1]  We deny the petition.

 

Background

            B.T.
is a seventeen year old juvenile.  In September 2007, B.T. was evaluated by Dr.
Paul Andrews, a licensed psychologist, for fitness to proceed in a juvenile
matter.  Dr. Andrews reported that B.T. was fit to proceed, and B.T. was
subsequently adjudicated delinquent.  He was assessed an indeterminate term of
confinement in the Texas Youth Commission for the offense.  

B.T.
is presently charged with murder.  The State filed a petition for discretionary
transfer (the “transfer motion”) asking that the trial court waive its
exclusive jurisdiction and order that B.T. be transferred to the appropriate
district court for criminal proceedings.  The State also filed a motion for
completion of the diagnostic study and investigation required by Texas Family
Code section 54.02(d).  Respondent granted the State’s motion and ordered that
Emily Fallis, Ph.D. assist the Smith County Juvenile Services Department in
making the following investigations and assessments:

 

1.      
A complete diagnostic study,
social evaluation, and full investigation of the child, his circumstances, and
the circumstances of the alleged offense

 

2.      
The background of the child

 

3.      
The sophistication and maturity of
the child

 

4.      
The record and previous history of
the child

 

5.      
The prospects of adequate
protection of the public and the likelihood of the rehabilitation of the child
by use of procedures, services, and facilities currently available to the
juvenile court.

 

 

Dr. Fallis performed a diagnostic study and submitted a ten
and one-half page single spaced report in which she related the details of
B.T.’s background, his mental status and her observations, his testing results,
information pertaining to his fitness to proceed, and a five-Axis psychological
diagnosis.  Dr. Fallis concluded in her report that B.T. has a “mental disease
or defect which substantially impairs his capacity to understand the allegations
against him and the proceedings in juvenile court or to assist in his own
defense.”  Consequently, Dr. Fallis deferred proffering an opinion on B.T.’s
capacity to be adjudicated as an adult until he was fit to proceed.  She
recommended that B.T. receive inpatient psychiatric treatment to help him
attain a minimal level of fitness to proceed and then be reevaluated for
purposes of the State’s transfer motion.

At the joint urging of B.T.’s counsel and the State, and
after reviewing Dr. Fallis’s report, Respondent ordered that B.T. be sent for
ninety days to a state hospital.  B.T. was committed to the Vernon State
Hospital where, after undergoing treatment and counseling, he was deemed to
have reached a minimum level of fitness to proceed. He was returned to Smith
County, and Respondent set a transfer hearing for May 13, 2010.  

At a detention hearing for B.T. on May 3, 2010, the
respective counsel for B.T. and the State inquired whether Respondent would
reschedule the transfer hearing to allow Dr. Fallis or some other professional
sufficient time to complete the diagnostic study.  Respondent explained that “I
think we are at the point where I’ve got so much in front of me that’s of a
psychological evaluative nature that the Court is very comfortable proceeding
on that and making the correct determinations under the statute.”  He then
informed counsel that he would consider the reports from Dr. Andrews, Dr.
Fallis, and Vernon State Hospital sufficient under section 54.02(d).  B.T.’s
counsel objected that each of these three reports addressed B.T.’s fitness to
proceed, and are not the complete diagnostic study required by statute.  

B.T. filed a motion requesting the trial court to reconsider
its May 3 ruling, which was denied.  This original proceeding followed.  Along
with his petition for writ of mandamus, B.T. filed a motion for emergency
relief requesting a stay of the transfer hearing until this court ruled on the
merits of his petition.  We granted the stay.

 

Prerequisites to Mandamus

            Mandamus relief is proper only to correct a clear abuse of discretion when there is no
adequate remedy by appeal.  In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 135-36 (Tex. 2004); Walker v. Packer, 827 S.W.2d 833,
839 (Tex. 1992).  A trial court has no discretion in determining what the law
is or applying the law to the facts.  Walker, 827 S.W.2d at 840. 
Thus, a clear failure by the trial court to analyze or apply the law correctly
is an abuse of discretion.  Id.  An appellate remedy is “adequate”
when any benefits to mandamus review outweigh the detriments.  In re
Prudential, 148 S.W.3d at 136.   

            A
party seeking mandamus relief must generally bring forward all that is
necessary to establish the claim for relief.  See Walker, 827
S.W.2d at 837; In re Pena, 104 S.W.3d 719, 719 (Tex. App.–Tyler
2003, orig. proceeding); see also Tex.
R. App. P. 52.  Therefore, it is B.T.’s burden to provide this court
with a sufficient record to establish his right to mandamus relief.  See Walker,
827 S.W.2d at 837; In re Pena, 104 S.W.3d 719.

Abuse of Discretion

            B.T.
admits that the trial court ordered the required “complete diagnostic study.”
He contends, however, that the court’s failure to allow the “completion” of the
study once he returned from Vernon State Hospital constitutes an abuse of
discretion.  B.T. further complains that the reports Respondent plans to
consider in the transfer hearing–those prepared by Dr. Andrews, Dr. Fallis, and
the Vernon State Hospital–address only B.T.’s fitness to proceed.  He also asserts
that the reports do not “investigate or assess his circumstances, or the
circumstances of the offense or any of the requirements ordered by the Court
pursuant to §54.02.”  The State admits that the trial court’s order is “perhaps
not an overt abuse of discretion.”  But the State also expresses its concern
that the reevaluation and additional report B.T. requests may be mandatory
under section 54.02(d).

Waiver of
Jurisdiction and Transfer

            A
juvenile court may waive its exclusive original jurisdiction and transfer a
child to the appropriate district court or criminal district court for criminal
proceedings under the circumstances prescribed by statute.  See Tex. Fam. Code Ann. § 54.02(a) (Vernon
Supp. 2009).  Before any such transfer may occur, the juvenile court must
conduct a hearing without a jury to consider transfer of the child.  Id.
§ 54.02(c) (Vernon Supp. 2009).  Prior to the transfer hearing, the
juvenile court must order and obtain a complete diagnostic study, social
evaluation, and full investigation of the child, his circumstances, and the
circumstances of the offense.  Tex. Fam.
Code Ann. § 54.02(d) (Vernon Supp. 2009).  A child can be treated as an
adult offender only if the juvenile court has ordered and obtained a diagnostic
study of the child or if the child has effectively waived the diagnostic
study.  R.E.M. v. State, 532 S.W.2d 645, 648 (Tex. Civ. App.–San
Antonio 1975, no writ).  

This
Court’s Review and the Record 

The
legislature has not defined “complete diagnostic study.”  See Tex. Fam. Code Ann. § 54.02
(Vernon Supp. 2009).  However, the statutory requirement of a complete
diagnostic study bears upon the maturity and sophistication of the child and
relates to the questions of culpability, responsibility for conduct, and ability
to waive rights intelligently and assist in the preparation of a defense.  L.M.
v. State., 618 S.W.2d 808, 811 (Tex. App.–Houston [1st Dist.] 1981,
writ ref’d n.r.e.).  The paramount concern of the juvenile court is the
qualitative content of a diagnostic study, rather than a mere quantitative
checklist of included items.  Id. at 811-12.  The completeness of
a diagnostic report is to be determined by the juvenile court itself.  In
re J.C.J., 900 S.W.2d at 754.  However, this discretion is not
unlimited.[2] 
See id. (ruling on diagnostic study not to be overturned
on direct appeal except for abuse of discretion).

To
determine whether B.T. is entitled to mandamus, we must first determine whether
the trial court abused its discretion in denying B.T.’s motion for the
“completion” of Dr. Fallis’s report.  In doing so, we would address whether the
trial court can comply with section 54.02(d) by, in effect, substituting the
Vernon State Hospital’s report for a reevaluation and report by Dr. Fallis.  If
we decided that question against B.T., we would then address B.T.’s argument
that the focus of the three reports (his fitness to proceed) renders them
substantively inadequate for purposes of the transfer hearing.  A review of all
three reports would be integral to our review.  

As
previously stated, it is B.T.’s burden to provide this court with a sufficient
record to establish his right to mandamus relief.  See Walker,
827 S.W.2d at 837; In re Pena, 104 S.W.3d 719.  However, the
reports of Dr. Andrews and Vernon State Hospital are not included in the record
before us.  Without these reports, we cannot fully consider whether the trial
court’s order constitutes an abuse of its discretion.  Consequently, B.T. has
not shown that he is entitled to mandamus relief.  Therefore, we do not decide
whether B.T. has an inadequate remedy by appeal.  See Tex. R. App. P. 47.1.

 

Disposition

Because
B.T. has not shown that he is entitled to mandamus relief, his petition for
writ of mandamus is denied.  Our May 13 stay is lifted.

 

                                                                        James T. Worthen

                                                                              
Chief Justice

 

 

 

Opinion delivered May
21, 2010.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J. 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH) 

 









                [1]
The respondent is the Honorable Floyd T. Getz, Judge of the County Court at Law
No. 3, Smith County, Texas. 





                [2]
It is interesting to note that no cases exist in which the juvenile court’s
ruling on the completeness of a diagnostic study under section 54.02(d) has
been tested by mandamus.