# NO. 12-10-00161-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
|  | § |  |
| *IN RE: JAMES SIMON,* *RELATOR* | § | *ORIGINAL PROCEEDING* |
|  | § |  |

## *MEMORANDUM OPINION*

Relator James Simon complains that the trial court signed an order directing withdrawals from his inmate trust account. He contends the order is void because he had no meaningful opportunity to be heard before it was signed.[1] Consequently, he requests a writ of mandamus directing the respondent to vacate the order and return his money to his trust account.

Mandamus relief is proper only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am*., 148 S.W.3d 124, 135-36 (Tex.2004); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker*, 827 S.W.2d at 840. Thus, a clear failure by the trial court to analyze or apply the law correctly is an abuse of discretion. *Id*. An appellate remedy is "adequate" when any benefits to mandamus review outweigh the detriments. *In re Prudential*, 148 S.W.3d at 136.

A party seeking mandamus relief must generally bring forward all that is necessary to establish the claim for relief. *See Walker*, 827 S.W.2d at 837; *In re Pena*, 104 S.W.3d 719, 719 (Tex.App.-Tyler 2003, orig. proceeding); *see also* Tex. R. App. P. 52. Therefore, it is Simon's burden to provide this court with a sufficient record to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *In re Pena*, 104 S.W.3d 719.

---

[1] The respondent is the Honorable Pam Foster Fletcher, Judge of the 349th Judicial District Court of Anderson County, Texas.

When a petition for writ of mandamus is filed, Texas Rule of Appellate Procedure 52.4 requires that it be accompanied by an appendix that includes a certified or sworn copy of any order complained of, or any other document showing the matter complained of. *See* TEX. R. APP. P. 52.4(k)(1)(A). Unless voluminous or impracticable, the appendix must also include the text or any statute or other law (excluding case law) on which the argument is based. *See* TEX. R. APP. P. 52.4(k)(1)(C). Here, Simon did not file the required appendix along with his mandamus petition. Therefore, we are unable to determine whether he is entitled to mandamus relief. Accordingly, Simon's petition for writ of mandamus is ***denied***.

                                           **JAMES T. WORTHEN**
                                                  Chief Justice

Opinion delivered May 28, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)