NO









NO. 12-10-00161-CV

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

                                                                             '     

 

IN RE:
JAMES SIMON,                                   '     ORIGINAL
PROCEEDING

RELATOR

                                                                             '     

 

 





MEMORANDUM
OPINION

            Relator
James Simon complains that the trial court signed an order directing
withdrawals from his inmate trust account.  He contends the order is void
because he had no meaningful opportunity to be heard before it was signed.[1] 
Consequently, he requests a writ of mandamus directing the respondent to vacate
the order and return his money to his trust account.  

            Mandamus
relief is proper only to correct a clear abuse of discretion when there is no
adequate remedy by appeal.  In re Prudential Ins. Co. of Am., 148
S.W.3d 124, 135-36 (Tex.2004); Walker v. Packer, 827 S.W.2d 833,
839 (Tex.1992).  A trial court has no discretion in determining what the law is
or applying the law to the facts.  Walker, 827 S.W.2d at 840. 
Thus, a clear failure by the trial court to analyze or apply the law correctly
is an abuse of discretion.  Id.  An appellate remedy is
“adequate” when any benefits to mandamus review outweigh the detriments.  In
re Prudential, 148 S.W.3d at 136.

A
party seeking mandamus relief must generally bring forward all that is
necessary to establish the claim for relief.  See Walker, 827
S.W.2d at 837; In re Pena, 104 S.W.3d 719, 719 (Tex.App.-Tyler
2003, orig. proceeding); see also Tex. R. App. P. 52.  Therefore, it is
Simon’s  burden to provide this court with a sufficient record to establish his
right to mandamus relief.  See Walker, 827 S.W.2d at 837; In
re Pena, 104 S.W.3d 719.

When
a petition for writ of mandamus is filed, Texas Rule of Appellate Procedure
52.4 requires that it be accompanied by an appendix that includes a certified
or sworn copy of any order complained of, or any other document showing the
matter complained of.  See Tex.
R. App. P. 52.4(k)(1)(A).  Unless voluminous or impracticable, the
appendix must also include the text or any statute or other law (excluding case
law) on which the argument is based.  See Tex. R. App. P. 52.4(k)(1)(C).  Here, Simon did not file the
required appendix along with his mandamus petition.  Therefore, we are unable
to determine whether he is entitled to mandamus relief.  Accordingly, Simon’s
petition for writ of mandamus is denied.



                                                                                                    
JAMES T. WORTHEN    

                                                                                                                
Chief Justice

 

 

Opinion delivered May 28, 2010.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)

 









                [1] 
The respondent is the Honorable Pam Foster Fletcher, Judge of the 349th
Judicial District Court of Anderson County, Texas.