

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-11-00465-CV

IN RE JOHN TRACY JOSEY                                                      RELATOR

------------

ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

In this petition for writ of mandamus, relator asks this court to set aside his judgment of conviction and "issue a mandamus to the trial court for a new trial." We construe this as a request to order the Wise County District Court to grant the motion for new trial relator filed on October 11, 2011. The court has considered the petition and is of the opinion that relief should be denied.

Mandamus relief is appropriate only when the relator establishes (1) he has no other adequate legal remedy to redress his alleged harm and (2) what he seeks to compel is a ministerial act, not involving a discretionary or judicial

---

[1]*See* Tex. R. App. P. 47.4, 52.8(d).

decision. *Bowen v. Carnes* 343 S.W.3d 805, 810 (Tex. Crim. App. 2011); *In re Dacus*, 337 S.W.3d 501, 504 (Tex. App.—Fort Worth 2011, orig. proceeding).

We have determined that the "Affidavit" portion of the pro se pleadings realtor filed with his mandamus petition indicates a desire to appeal the judgment in his case.[2] *See* Tex. R. App. P. 25.2(c)(2). Thus, on November 18, 2011, we notified relator that we filed his "Affidavit" as a notice of appeal and assigned cause number 02-11-00513-CR to the appeal. Because relator may pursue a direct appeal,[3] he has an adequate remedy to redress his alleged harm. *See In re Pena*, 104 S.W.3d 719, 719 (Tex. App.—Tyler 2003, orig. proceeding) (stating that appeal is an adequate remedy for trial court's refusal to rule on a motion for new trial or the overruling of such a motion by operation of law); *see also Washington v. State*, 326 S.W.3d 302, 313–15 (Tex. App.—Fort Worth 2010, pet. ref'd) (addressing appellant's direct appeal claim that the trial court erred by improperly sentencing him as a first-degree felon for the state jail felony of evading arrest); *cf. In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding) (holding that when an order granting a new trial is void because it

---

[2]Relator contends generally that the verdict in this case is contrary to the law and the evidence. *See* Tex. R. App. P. 21.3(h). He specifically asserts that his sentence is illegal due to the trial court's "erroneous listing of range of the punishment."

[3]We have received the trial court's certification of defendant's right of appeal in which the trial court states he has a right to appeal. Tex. R. App. P. 25.2(d).

2

was granted after the trial court's plenary power expired, mandamus relief is available because there is no adequate remedy by appeal).

Further, while a trial court may have a ministerial duty to consider and rule on a motion that is properly and timely presented to it for a ruling, in general it has no ministerial duty to "rule a certain way on that motion." *Simon v. Levario*, 306 S.W.3d 318, 321 (Tex. Crim. App. 2009) (quoting *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987)). It is improper to order a trial court to exercise its judicial (as opposed to its ministerial) function in a particular way unless the relator has a clear right to the relief sought. *See id.* Both the granting and the denying of a timely-filed motion for new trial rest within the trial court's discretion. *See Smith v. State*, 286 S.W.3d 333, 339 n.20 (Tex. Crim. App. 2009). Under appellate rule 21.8(c), a new-trial motion "not timely ruled on by written order will be deemed denied when the [75-day] period prescribed in (a) expires."[4] Tex. R. App. P. 21.8(c). Relator seeks to compel a discretionary act, and he fails to establish that he has a clear right to the relief sought.

Accordingly, relator's petition for writ of mandamus is denied.

PER CURIAM

PANEL: GARDNER, MCCOY, and GABRIEL, JJ.

DELIVERED: December 9, 2011

---

[4]To the court's knowledge at this time, the trial court has not yet issued a ruling and has until December 26, 2011 to do so. *See* Tex. R. App. P. 21.8(a)–(c).

3