**Luis Pedro MENA, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. C2915.**

Court of Appeals of Texas, Houston (14th Dist.).

March 4, 1982.

Carol J. Carrier, Carrier & McKinzie, Houston, for appellant.

Mike Driscoll, County Atty., Betty Purvis, Asst. County Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MORSE, Justice.

This is an appeal by a minor from an order waiving juvenile jurisdiction by the Family District Court for the 313th Judicial District and certifying him for criminal proceedings by transferring him to the 263rd District Court giving preference to criminal cases pursuant to a hearing under Tex.Fam. Code Ann. § 54.02 (Vernon 1975). Finding no error by the trial court, we affirm such order.

The attorney appointed for the indigent appellant by the court below and continuing to represent him on appeal raises three points of error for consideration on appeal. First, it is complained that the trial court erred in admitting as petitioner's exhibit No. 1, over objection as to the inadequacy of "*Miranda* warnings" related thereto, the investigation report ordered by the court prior to the hearing. It was admitted in the objection that the trial judge in open court in the presence of said attorney gave

Appellant the "*Miranda* warnings" pursuant to contemplated retesting of Appellant. This was done after Appellant's attorney's objection to lack of *Miranda* warnings prior to the first tests had been sustained. Accordingly, Appellant's Sixth Amendment right to counsel was not abridged by lack of notification to counsel contrary to the requirements of *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). The attorney did not then or thereafter request or move to require repetition of warnings that anything Appellant said in the contemplated tests could be used against him later. However, the attorney objected to the resulting report's being admitted into evidence in the waiver hearing on the basis that "*Miranda* warnings" should have been given again by those administering the examinations. The attorney does not say that she tried to so warn the Appellant and was prevented from doing so. In fact, she says she warned Appellant not to answer questions. The ordered diagnostic study, social evaluation and investigation of the defendant and his circumstances was expressly required by Tex. Fam.Code Ann. § 54.02(d) (Vernon 1975) to be ordered and obtained prior to the hearing as to waiver of jurisdiction and transfer. It is specifically provided by Tex.Fam. Code Ann. § 54.02(e) (Vernon 1975), that such reports may be considered by the court at the transfer hearing. There is no statutory, constitutional or logical reason shown and no authority cited to support the contention that the testing experts must repeat such warnings prior to tests which constitute a part of the statutorily required investigation report, simply because these tests were completed over a period of twenty-eight days. There is no showing that the holding in *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), cited by appellant, or any other case requires such continuing warnings prior to civil proceedings relating to statutory investigations of juveniles. The United States Supreme Court majority opinion in *Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), stated that no Fifth Amendment issue would have arisen from use of psychiatrist's interviews of a defendant for routine competency examination as to his capability to understand the charges against him and to assist in his defense. That would indicate that use of psychiatrist's findings from interviewing and observing a juvenile in certification for criminal trial would be permissible without showing additional *Miranda* warnings as to such use. There being no constitutional deficiencies shown, the reports required by statute were properly admitted as an exhibit. The first point is overruled.

■ The second point of error is that the trial court committed reversible error by overruling the Appellant's Motion to Quash Petitioner's Petition. This apparently refers to the Motion to Waive Jurisdiction which was filed by the State in connection with detention proceedings of the minor. The defectiveness asserted in Appellant's alleged motion was its failure to allege that the victim had title, possession or greater right of possession than respondent. The State's motion alleged, in effect, that in the course of committing theft of property owned by the named complainant the Appellant intentionally threatened him with imminent bodily injury and death by a firearm. Treating the "motion to quash" as a statement of special exceptions in the civil proceeding, there is no authority cited to show the inadequacy of the allegations to give the defendant fair notice of the facts asserted as material to the pleadings leading to the ultimate order waiving juvenile jurisdiction and transferring the defendant to the criminal district court for further proceedings. Appellant cites only a capital murder case in which a conviction was reversed for failure to name the kidnap victim involved. It was held that a motion to quash should have been sustained as to that indictment. *See Brasfield v. State*, 600 S.W.2d 288 (Tex.Crim.App.1980). However, under the new Penal Code, § 29.02 applicable to robbery has been held not to require allegation of a description of the property, or ownership thereof, which was the subject of the theft by threat of imminent bodily injury or death. *Hill v. State*, 568 S.W.2d

338 (Tex.Crim.App.1978). Pursuant to the provisions of Tex.Fam.Code Ann. § 54.02 (Vernon 1975), the petitions and motions leading to the order complained of in this appeal were not insufficient or subject to motion to quash. Appellant's second point is overruled.

■ Appellant's third point contends that "the verdict is contrary to the law and the evidence," as if Tex.Code Crim.Pro.Ann. Art. 40.03(9) (Vernon 1979) were applicable to this appeal on the basis of a motion for a new trial as to a criminal felony conviction. There was no motion for new trial and this is not such an appeal, but is a civil proceeding wherein there was no "verdict," but a nonjury trial as to which Rule 418, Tex.R. Civ.Proc., requires separate points of error on appeal. Under (d) of that Rule, complaints that the evidence is legally or factually insufficient must be raised by sufficiently directing the court's attention to the nature of the complaint made regarding each issue or finding or legal conclusion based thereon. Appellant apparently contends that since the complaining witness did not have his glasses (used only for reading) on there was some invalidity to the identification of the appellant as the robber. However, after a complete and direct description and a positive identification of Appellant, the complaining witness described the activities surrounding the robbery with a pistol and how he caught the Appellant nearly one-half hour after he had been robbed and found him with his watch, and also with bullets in his pocket and a pistol. The police arrested Appellant on the spot. The evidence was clearly sufficient and the Appellant's third point is overruled. Accordingly, the judgment of the trial court is in all things affirmed.