*Harper v. State,* 533 S.W.2d 776 (Tex.Cr. App.1976).

**A.D.P., Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–82–0316–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 30, 1982.

Rehearing Denied Feb. 10, 1983.

Frank Panzica, Houston, for appellant.

Elizabeth Bridges, Houston, for appellee.

Before EVANS, C.J., and DUGGAN and BULLOCK, JJ.

OPINION

DUGGAN, Justice.

This is an appeal from the order of a juvenile court certifying appellant for trial as an adult for the offense of capital murder, waiving its jurisdiction over him and transferring his cause to district court. Appellant presents two points of error.

■ By his first point of error, appellant alleges that the trial court erred in considering certain evidence contained in the certification investigation report, arguing that it was obtained in violation of his Fifth and Sixth Amendment rights. Specifically, he contends that he was not warned, prior to psychological and clinical testing ordered by the court, that he had the right to remain silent and that his statements were admissible against him. As authority, he directs the court's attention to *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), which holds that statements made by a defendant during psychiatric testing are not admissible at the punishment phase of trial when the defendant had not been given *Miranda* warnings prior to the examination. However, the question before us is whether *Estelle v. Smith* is applicable for a juvenile certification hearing.

Two Texas cases have rejected the application of *Estelle v. Smith* requirements to juvenile certification proceedings. In *Mena v. State,* 633 S.W.2d 564 (Tex.App.—Houston [14th Dist.] 1982, n.w.h.), the court overruled appellant's argument of constitutional violations by use of psychological evaluations at the certification hearing, and stated that:

[*Estelle v. Smith*] would indicate that use of psychiatrist's findings from interviewing and observing a juvenile in certification for criminal trial would be permissible without showing additional *Miranda* warnings as to such use.

633 S.W.2d at 565. The court held that, as with competency hearings, juvenile certification hearings are pre-trial proceedings, and do not involve an adjudication of the child's guilt or innocence. *Mena.* The decision of *K.W.M. v. State,* 598 S.W.2d 660 (Tex.Civ.App.—Houston [14th Dist.] 1980, n.w.h.) also addressed the same argument and stated that the hearing was not an adjudication of guilt, with the result that no Fifth Amendment rights were at issue. We reach the same conclusion, and overrule appellant's first point of error.

By his second point of error, appellant contends that the trial court erred in considering evidence contained in the certification investigation report, which he asserts was obtained in violation of Art. 5561h, V.T.C.A. (1979). That statute provides that communication between a "patient/client" and a "professional" is confidential, and that the privilege of confidentiality may be claimed by the "patient/client." A "patient/client" is defined under Art. 5561h, Sec. (1)(b), to be "any person who consults, or is interviewed by, a professional for purposes of diagnosis, evaluation or treatment of any mental or emotional condition or disorder . . ." Appellant urges that no written waiver of the privilege of confidentiality was made by him, as provided in Section 4(a)(2) of Art. 5561h, and that the psychological and psychiatric evaluation of him by doctors, written records of which were included in the certification investigation report, were thus inadmissible.

As a part of the Texas Mental Health Code, the purpose of this "medical privilege" statute, Art. 5561h, is to protect mentally incompetent persons from the abuse of the psychiatric examination and the use of the information thus gathered for any purpose other than civil commitment. *Jones v. State,* 610 S.W.2d 535 (Tex.Civ.App.—Houston [1st Dist.] 1980, n.r.e.).

The purposes of the overall Texas Mental Health Code look to the hospitalization, care, treatment and rehabilitation of mentally ill persons.

■ The psychological interview, examination and report here involved were done pursuant to the mandatory requirements of Section 54.02 of the Texas Family Code. Section 54.02(b) specifically requires that the juvenile court *"shall order and obtain a complete diagnostic study,* social evaluation, and full investigation of the child, his circumstances, and the circumstances of the alleged offense." (emphasis added). The diagnostic study is much broader than the psychiatric evaluation of the child. *I.L. v. State,* 577 S.W.2d 375 (Tex.Civ.App.—Austin 1979, n.w.h.). Its purpose is not to determine whether the child is to be committed as a mentally ill

person, but rather to assist the court in its determination of whether the child should properly be certified for trial as an adult. Accordingly, we hold that compliance with Section 54.02 of the Texas Family Code is *not* restricted by the confidentiality privilege provisions of Art. 5561h of the Texas Mental Health Code. Appellant's second point of error is overruled.

The judgment of the trial court is affirmed.