v.

**The STATE of Texas, Appellee.**

No. 01–82–00727–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 13, 1983.

Rehearing Denied Dec. 8, 1983.

Frank Panzica, Houston, for appellant.

Carl Haggard, Betty Purvis, Houston, for appellee.

Before BASS, JACK SMITH and COHEN, JJ.

## OPINION

BASS, Justice.

This is an appeal from a certification of a minor as an adult for trial for the offense of murder.

The judgment is affirmed.

The State of Texas petitioned for a waiver of juvenile jurisdiction and discretionary transfer to the appropriate criminal district court for trial as an adult. A discretionary transfer hearing was conducted and the court ruled that the appellant should be certified. A transfer order was signed on April 15, 1979, but on August 6, 1979, counsel for appellant and the State agreed that the case should be remanded to juvenile court for another discretionary transfer hearing.

At the second hearing the court ruled that the appellant should be certified and a

transfer order was signed on October 18, 1979. Appellant appealed to the Court of Civil Appeals which reversed and remanded for another discretionary transfer hearing.

At the third discretionary transfer hearing, the court refused appellant's request for a jury trial and ruled that appellant should be certified as an adult. A transfer order was signed on March 12, 1981, and appellant appealed to the Court of Appeals on the issue of the trial court's refusal to grant a jury trial. The cause was again reversed and remanded for a discretionary transfer hearing.

At the fourth discretionary transfer hearing, and the one that forms the basis for this appeal, a jury trial was conducted on appellant's fitness to stand trial. Appellant was found competent. The trial court ruled that appellant should be certified, and a transfer order was signed on August 11, 1982.

The state questions whether this court has jurisdiction to hear the appeal.

■ Rule 354 Tex.R.Civ.P. requires the filing of an appeal bond to perfect the appeal, unless such bond is excused by law. The record reflects that a pauper's oath was duly filed August 10, 1982, and a notice of appeal was duly filed August 18, 1982. The trial judge entered an order, on August 31, 1982, which stated, in part, as follows:

"It is therefore ORDERED, ADJUDGED AND DECREED, that the Respondent, V.C.H., his custodian, John Hopkins, is unable to pay the costs of appeal or any part thereof, and is further unable to give security therefor, including the statement of facts and transcript. It is further ORDERED, ADJUDGED AND DECREED, that such Pauper's Affidavit and Oath be and it is hereby approved."

The notice of appeal, the pauper's oath, and the above order were all filed within 30 days of the entry of the order for transfer of the juvenile. We hold that the record shows that the appeal was timely perfected, and that this court has jurisdiction to entertain the appeal.

Appellant, in his first point of error, alleges that the trial court erred in failing to comply strictly with Tex.Fam.Code Ann. § 51.09 (Vernon Supp.1982), which requires that the juvenile respondent affirmatively waive any right granted to him pursuant to Title 3 of the Texas Family Code, or the Constitution of the State of Texas or the United States. He contends that at the beginning of the fourth hearing his counsel expressed his desire to waive a jury trial, but that the judge refused to allow him to waive.

Appellant was before the trial court to determine whether he was unfit to proceed to a hearing for discretionary transfer because of mental disease or defect pursuant to § 55.04, Tex.Fam.Code Ann. provides in pertinent part as follows:

(c) The Court or jury shall determine from the psychiatric and other evidence at a hearing separate from, but conducted in accordance with the requirements for, the adjudication hearing whether the child is fit or unfit to proceed.

(e) If the Court or jury determines that the child is fit to proceed, the juvenile court shall continue with proceedings under this title as though no question of fitness to proceed had been raised.

(f) if the court or jury determines that the child is unfit to proceed, the court or jury shall determine whether the child should be committed for a period of temporary hospitalization for observation and treatment in accordance with section 55.02 of this code or committed to a facility for mentally retarded persons for care and treatment in accordance with section 55.03 of this code.

Section § 54.03 Tex.Fam.Code Ann. mandates that trial *shall* be by jury unless a jury is waived in accordance with section 51.09 of the Family Code.

Section 51.09 provides for the waiver of any rights as follows:

Unless a contrary intent clearly appears elsewhere in this title, any right granted to a child by this title or by the constitution or laws of this state or the

United States may be waived in proceedings under this title *if:*

    (1) the waiver is made by the child *and* the attorney for the child;

    (2) the child *and* the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;

    (3) the waiver is voluntary; and

    (4) the waiver is made in writing or in court proceedings that are recorded. (emphasis added).

Appellant, in the context of this appeal therefore has two rights under §§ 51.09 and 55.04. First, he has the right *to* a jury trial, on the issue of his competency to proceed under the cause for discretionary transfer, §§ 54.03 and 55.05. Second, he has the right to *waive* a jury trial, as to his competency to proceed under the cause for discretionary transfer, § 51.09. Both of these rights are subject to the provisions of Section 51.09 as to a valid waiver in due form.

The record in this case is complex. The second and third transfer hearings were argued on appeal as follows:

*In The Matter of V.C.H.,* 605 S.W.2d 643 (Tex.Civ.App.—Houston [1st Dist.] 1980), the court found that V.C.H., in the second transfer hearing, timely requested a jury trial on the fitness issue, and that the trial court erred in denying his request. The transfer order was reversed and the cause was remanded to the Family District Court for a jury hearing. In *V.C.H. a/k/a V.H.C. v. State,* 630 S.W.2d 787 (Tex.App.—Houston [1st Dist.] 1982), the court found that in the third transfer hearing, although appellant *waived* a jury trial on the question of fitness to proceed to trial for a transfer hearing, his waiver was *ineffective* because he was not properly admonished as to his rights. The court found that the record was devoid of any evidence showing that the *child* was informed of the waiving of the jury, that the *child* joined in the waiver, or that the *child* was informed of and understood both the right to and possible consequences of his waiving a jury trial. Since the child was not admonished by the court

regarding his rights, as required by § 51.09 he did not validly waive his right to a jury trial. The judgment was therefore remanded for further proceedings.

▆▆▆ The juvenile *and* his attorney have the sole right to waive a jury trial in a juvenile proceeding. From a careful reading of the transcript and the statement of facts, it appears that *appellant* never expressed a desire to waive a jury trial. Even if there was an attempt to waive a jury trial by appellant's counsel their was, before the court, no verification by the juvenile that he desired such a waiver which appears in the record. Therefore, both parties did not make the requisite waiver and the appellant has been afforded a jury trial as required by statute.

Appellant's first point of error is overruled.

▆▆▆ Appellant, in his second point of error, alleges that the trial court erred in overruling his written motion to dismiss with prejudice. The basis of appellant's motion was that when a juvenile is certified to the district court and remanded back to the juvenile court from the criminal district court, he may not be subsequently tried as an adult, but remains subject only to the jurisdiction of the juvenile court.

The undisputed facts in this case reflect that the first discretionary transfer hearing was conducted on April 15, 1979, and that the appellant was certified and a transfer order was signed. Subsequent to the initial discretionary transfer hearing, and after an examining trial had been conducted in the 182nd Criminal District Court of Harris County, Texas, it was agreed by counsel for appellant and the assistant district attorney that the case should be remanded back to the juvenile court, to attempt to cure an alleged invalid transfer order.

A reading of § 54.02(g), Tex.Fam.Code Ann., indicates that if the juvenile court retains jurisdiction of a case, the juvenile respondent is not subject to criminal prosecution at any time for any offense alleged in the petition, or for any offense within the knowledge of the juvenile court judge.

Furthermore, § 54.02(i), Tex.Fam.Code Ann., indicates that where a juvenile case is presented to the grand jury and the grand jury does not indict for the offense for which the juvenile was certified, then the criminal district court shall certify its failure to indict, and the juvenile court may resume jurisdiction. Section 54.02(h) indicates that after the discretionary transfer hearing, an examining trial shall be conducted by the court to which the case was transferred, which may remand the child to the jurisdiction of the juvenile court.

It is important to note that § 54.02(h) says that the child *may* be remanded to the jurisdiction of the juvenile court by the district court. This assumes that a criminal district court could find probable cause and still remand the child's case back to the juvenile court to resume its jurisdiction, for whatever reason (i.e. best interest of the child and/or best interest of the community).

In *Ex parte Menefee,* 561 S.W.2d 822 (Tex.Cr.App.1978), holding that an indictment is void if the criminal district court to which the juvenile was transferred failed to conduct an examining trial prior to return of the indictment, the court stated:

> If there has been certification and the district court, following an examining trial, decides to remand the juvenile to juvenile court, then the juvenile will not be tried as an adult but will be subject to the jurisdiction of the juvenile court. There is, however, an additional feature to an examining trial for a juvenile who has been certified to district court for criminal proceedings. Said § 54.02(h) provides that after such examining trial the court may remand the juvenile to juvenile court, thus terminating criminal proceedings against the juvenile. While the same subsection (h) provides that the juvenile shall be dealt with as an adult, the district court in an examining trial for an adult has no authority to remand an adult to juvenile court. Thus, a juvenile in such situation has an additional right that other "adults" do not have. It is a valuable right, for it furnishes anoth-

er opportunity to have the criminal proceedings against the juvenile terminated and the jurisdiction of the juvenile court resumed.

In *Ex parte Solete,* 603 S.W.2d 853 (Tex. Cr.App.1980), which held in part that:

> Once, [a] district court, sitting as an examining court, found no probable cause on first certification of juvenile and remanded case to juvenile court, that court was barred from again certifying juvenile for trial as an adult on that same charge.

*Le Blanc v. Gist,* 603 S.W.2d 841 (Tex.Cr. App.1980), has asked and answered the question of, "How many times must a once certified juvenile run the gauntlet?"

> We hold that once a certified juvenile's case has been remanded to the juvenile court there can be no *re-certification.* 603 S.W.2d 841 at page 845. (Emphasis added)

Even the minority (opinion by Dally) in *Solete, supra,* recognized that a juvenile cannot be re-certified as an adult, and stated:

> The majority of the court by judicial legislation has added to Section 54.02 by holding that:
>
> 1. The examining trial is mandatory. *Jones v. State,* 576 S.W.2d 853 (Tex.Cr. App.1979) *Ex parte Menefee,* 561 S.W.2d 822 (Tex.Cr.App.1977).
>
> 2. If there is a failure to find probable cause in the examining trial such finding terminates criminal proceedings and is tantamount to remanding the proceedings back to the juvenile court even though no formal order of transfer has been entered, *Ex parte Le-Blanc,* 577 S.W.2d 731 (Tex.Cr.App. 1979).

In *Huffman v. State,* 479 S.W.2d 62 (Tex. Cr.App.1972), the court held that an appellate court may take judicial notice of its records in the same or related proceedings involving the same or nearly the same parties. In *Trevino v. Turcotte,* 564 S.W.2d 682 (Tex.1978), the court held that under the doctrine of the "law of the case," the initial determination of questions of law

governs the case throughout subsequent stages.

In *R.E.M. v. State*, 569 S.W.2d 613 (Tex. Civ.App.—Waco 1978, no writ), the court held that when the jurisdiction of the juvenile court is timely invoked, the juvenile court has continuing jurisdiction over appellant until there has been a final disposition of the question of waiver of jurisdiction.

We find nothing in the record showing that the district court certified the appellant back to the juvenile court for its exclusive jurisdiction.

The appellant's second point of error, therefore, is overruled.

■ Appellant, in his third point of error, alleges that the trial court erred in signing and rendering the State's motion and order for psychiatric and psychological examinations of the juvenile.

Section 55.04(b) and (c), Tex.Fam.Code Ann., requires the trial court to order appropriate medical and psychiatric inquiry to assist in determining whether the child is unfit to proceed because of mental disease or defect. Thus, it was not discretionary whether or not such examinations would be made as they are mandatory.

Thus, there was no error, and if there had been, such error was not preserved for review.

Appellant's third point of error is overruled.

■ Appellant, in his fourth point of error, contends that the trial court erred in considering evidence contained in the court investigation report which he alleges was obtained in violation of Article 5561h (1979), known as the medical privilege statute. Appellant contends that psychological and educational evaluations dated September 22, 1977, and October 26, 1977, were admitted into evidence in State's Exhibit No. P–1, over his objection. The psychological and educational evaluations were struck from State's Exhibit No. P–1; however, the juvenile investigator's conclusions and opinions based upon those reports were within State's Exhibit No. P–1 and were admitted into evidence.

Thus, the claim made here has not been preserved for review. *A.D.P. v. State*, 646 S.W.2d 568 (Tex.App.—Houston [1st Dist.] 1982). See also, *Mena v. State*, 633 S.W.2d 564 (Tex.App.—Houston [14th Dist.] 1982, no writ); *K.W.M. v. State*, 598 S.W.2d 660 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ).

The appellant's fourth point of error is overruled.

Appellant, in his fifth point of error, contends that the juvenile court erred in rendering a transfer order because there was no evidence, or factually insufficient evidence, to support the order waiving juvenile jurisdiction.

■ In a juvenile court transfer proceeding, the burden is upon the prosecuting attorney to present evidence that will form the basis of the court's decision. *B.R.D. v. State*, 575 S.W.2d 126 (Tex.Civ.App.—Corpus Christi, 1979, writ ref'd n.r.e.). A reviewing court may not presume that a full investigation has been made in a juvenile proceeding, *Kent v. U.S.*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). However, there is no provision in § 54.02 Tex.Fam. Code Ann. requiring the trial court to base its findings on any particular evidence. Section 54.02(e) states, in relevant part:

At the transfer hearing the court may consider written reports from probation officers, professional court employees, or professional consultants, in addition to testimony of witnesses.

■ The report of the probation officer is eighty-two pages long. The report, in pertinent part, is summarized as follows:

It is the consensus of all professional impressions that V.H.C. aka V.C.H. is a socially inadequate, primitive personality with poor impulse controls, episodically serious aggressive tendencies, strong needs for self-gratification, and polymorphous sexual identity. It also is a unanimous conclusion that physical handicaps and borderline intelligence limit his potential for improvement. Dr. Sarmiento suggests the possible necessity for "life

long care" and Dr. Brown attests that Vincent's behavior problems and character defects ". . . will continue to plague him in terms of making a satisfactory adjustment in life." However, at this juncture, current examiners continue to concur that this respondent is sane and competent to proceed to trial.

The same report is contained in the statement of facts and in the transcript. The report lists the neurological examinations made in 1979, 1981 and 1982, with the names of the doctors who made them. It lists physical examinations made in 1979 and 1981, and it reviewed the appellant's medical history and his school history. The appellant's family history was summarized.

After the above-detailed reports had been made, appellant was evaluated. One doctor suggested the possible necessity for lifelong care of the appellant, while another believed appellant has behavior problems and character defects which would continue to plague him in terms of making a satisfactory adjustment in life. The doctor stated, however, that "current examiners continue to concur that this respondent is sane and competent to proceed to trial".

We hold that there is ample evidence, in the record, to support the court's judgment.

Appellant's fifth point of error is overruled.

The judgment of the trial court is affirmed.

COHEN, Justice, dissenting.

I agree with the conclusion of the majority opinion that the appellant has a right to a jury trial on the issue of the competency to proceed to a hearing on discretionary transfer to the District Court, pursuant to Family Code § 55.04; and that the appellant had a right to waive a jury trial at such a competency hearing, pursuant to Family Code § 51.09. I further agree with the majority's conclusion that the appellant's right to waive the jury trial belonged to him alone; the State had no right to a jury trial and no right to prevent the appellant from waiving a jury trial and choosing to be tried before the court.

I vigorously disagree with the majority's conclusion that the appellant never expressed a desire to waive a jury trial. His attorney repeatedly informed the court that the appellant wished to waive a jury trial and have a non-jury trial. The attorney repeatedly informed the court that all that was necessary to accomplish this was to follow the procedure in Family Code § 51.-09. He asked the judge to solicit the waiver from the appellant and to deliver the admonishment contemplated by § 51.09. Nevertheless, the judge refused to do so and forced a jury trial upon the appellant who had a statutory right to waive it and vigorously attempted to waive it in order to secure his statutory right to a court trial. It is true that the appellant, a juvenile, never *personally* expressed a desire to waive a jury trial. However, he did do everything possible and reasonable to do so. Certainly, the appellant personally had no power to force the judge to admonish him and his attorney, as required by Family Code § 51.09(a)(2). A juvenile has a right to be represented by counsel and he is not required to represent himself or to stand up and personally repeat everything stated by his attorney. The dialogue between appellant's attorney and the court is long, clear, and specific. A holding that the appellant was not entitled to waive a jury trial in this case because he never personally expressed a desire to do so is tantamount to forcing a juvenile to represent himself, thus depriving him of the right to counsel.

I further disagree with the conclusion of the majority opinion that "the appellant has been afforded a jury trial as required by statute." There is no statute requiring a jury trial, and the appellant was denied the full protection of § 51.09 which provides that, ". . . any right granted to a child by this title or by the Constitution or laws of this State or the United States may be waived in proceedings under this title. . . ."

The majority opinion seems to imply that any error made in denying the appellant his right to a non-jury trial was harmless because he had a fair trial by jury. I cannot

conclude that the denial of such a right was harmless. The legislature apparently believed that the right had significant value and expressed this conviction by giving the juvenile the exclusive right to make such a choice. In my opinion, the first point of error should be sustained.

I concur in the majority's overruling of the appellant's third point of error on the merits, but believe that the merits should be the sole basis for such action, rather than a holding that the objection was waived, in view of the appellant's vigorous objection. See statement of facts, vol. 3, pp. 30–67, 73–74.

I concur in overruling the fourth point of error on the merits because of the holding in *A.D.P. v. State,* 646 S.W.2d 568 (Tex. App.—Houston [1st Dist.] 1982). I would not hold that the error was waived, since the objection on appeal is the same as that made at trial. See statement of facts, vol. 3, p. 18.