•            •           • 
 • • •





MEMORANDUM OPINION

No. 04-07-00612-CV

In the Matter of J.P.,
Appellant

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-JUV-02022
Honorable Carmen Kelsey, Judge Presiding



 
                                                                                                    Opinion by:    Karen Angelini, Justice
 
Sitting:            Karen Angelini, Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice
 
Delivered and Filed:   October 15, 2008

AFFIRMED
            This is an appeal from an order modifying disposition in a juvenile case. The original
disposition order placed appellant J.P. on probation for a period of two years. After a hearing, the
juvenile court modified J.P.’s disposition by extending his term of probation for an additional eleven
months. In two issues, J.P. argues the trial court abused its discretion by (1) denying his motion to
quash the State’s amended petition, and (2) finding that he violated the conditions of his probation.
We affirm.
Procedural and Factual Background
            In August 2006, a jury found J.P. to have engaged in delinquent conduct by committing a
misdemeanor assault. After a disposition hearing, the juvenile court ordered that J.P. be placed on
probation for a period of two years in the care, custody, and control of the Chief Juvenile Probation
Officer of Bexar County. As a condition of his probation, J.P. was ordered to “cooperate fully and
obey all rules of the residential placement program where [he was] placed” and “remain at such
facility [] until completing the program or authorized to leave by the Court/Juvenile Probation
Department.”
            In September 2006, J.P. was placed in the Juvenile Intensive Treatment Program (“JITP”),
a residential placement program in San Marcos, Texas. The program used a military-like rank
system, whereby students who engaged in appropriate conduct were promoted to higher ranks and
students who engaged in inappropriate conduct were demoted to lower ranks. The program had a
drug treatment component, a boot camp component, and an education component. The education
component consisted of an on-site school. On several occasions, J.P. allegedly engaged in conduct
that disrupted the classes at the on-site school. On March 16, 2007, J.P. was discharged from the
program as unsuccessful and returned to the Bexar County Juvenile Detention Center. J.P. did not
complete the residential placement program.
            Thereafter, the State filed a petition to modify disposition, alleging J.P. had violated the
conditions of his probation by disrupting class and failing to complete the program. J.P. filed a
motion to quash, complaining the State’s petition did not give him “notice of precisely what he
[was] charged with doing and what condition his conduct violated.” The State then amended its
petition to modify disposition. 
            The trial court held a hearing on J.P.’s motion to quash. At this hearing, J.P.’s attorney stated
the motion could also be termed “a motion for greater particularity” because “[w]e are asking for the
State to tell us what he is actually accused of doing.” After J.P. presented his motion to quash, the
trial court stated: 
I have a solution. State, either provide [J.P.’s attorney] a copy of all those disruptive
acts so he can defend [him] on any possible disruptive act you might present, or
replead the case more specifically . . . . It is your choice. 
 
The State opted to provide J.P.’s attorney with the incident reports that had been prepared by one of
J.P.’s former teachers and described the disruptive conduct alleged. The trial court then denied J.P.’s
motion to quash.
             At trial, the State presented the testimony of several witnesses, including the testimony of
Margaret Ann Croft, the teacher who had witnessed the disruptive conduct alleged in the State’s
amended petition and prepared the incident reports. Croft recounted two occasions when J.P.
violated the rules in her class. First, Croft testified that on December 14, 2006, J.P. threw a
newspaper at a teacher’s aide, shouted, used profanity, and left the classroom without permission.
Second, Croft testified that on January 22, 2007, J.P. called another student names, shouted, used
profanity, and hit and kicked the classroom door. The State also presented the testimony of Paul
Schenking, a juvenile probation officer. Schenking testified that on March 16, 2007, J.P. dropped
to the lowest rank and was discharged from the program.
            After hearing this evidence, the juvenile court found J.P. had violated the conditions of his
probation as alleged in the State’s amended petition. After hearing additional evidence related to the
disposition modification, the juvenile court extended J.P.’s term of probation for an additional eleven
months. 
 
Motion to Quash
            In his first issue, J.P. argues the trial court abused its discretion when it denied his motion
to quash because the State’s amended petition to modify disposition did not plead the specific
manner in which he failed to obey the rules and disrupted class. According to J.P., the purported
pleading defect failed to provide him sufficient notice of the allegations against him. 
            As a preliminary matter, we address the use of a motion to quash to raise a pleading defect
in a juvenile proceeding. Juvenile proceedings are generally governed by the Texas Rules of Civil
Procedure. See Tex. Fam. Code Ann. § 51.17(a) (Vernon Supp. 2008). Thus, a complaint about a
pleading defect in a juvenile proceeding should be raised by special exceptions, not by a motion to
quash. See In the Matter of M.T., No. 13-05-00434-CV, 2007 WL 2265072, at *2 n.1 (Tex.
App.—Corpus Christi 2007, no pet.); see also Tex. R. Civ. P. 90, 91. Nevertheless, some courts
have treated improperly filed motions to quash as special exceptions. See R.K.D. v. State, No. 01-94-00527-CV, 1995 WL 2913, at *4 (Tex. App.—Houston [1st Dist.] 1995, no writ) (not designated
for publication); Mena v. State, 633 S.W.2d 564, 565 (Tex. App.—Houston [14th Dist.] 1982,
no writ); but see In the Matter of R.R., No. 12-07-00041-CV, 2008 WL 2440229, at *4
(Tex. App.—Tyler 2008, no pet.). 
            Appellate courts review the juvenile court’s decision to grant or deny a motion to quash 
juvenile pleadings, as well as a juvenile court’s ruling on special exceptions, for an abuse of
discretion. See In the Matter of R.R., 2008 WL 2440229, at *1; In the Matter of B.P.H., 83 S.W.3d
400, 405 (Tex. App.—Fort Worth 2002, no pet.). The juvenile court abuses its discretion if it acts
arbitrarily or unreasonably. In the Matter of K.J.N., 103 S.W.3d 465, 466 (Tex. App.—San Antonio
2003, no pet.).
            “The [Texas] Legislature [has] provided different rules for different stages of a juvenile
proceeding.” In the Matter of J.P., 136 S.W.3d 629, 630 (Tex. 2004). The Legislature has provided
that a petition at the adjudication stage of a juvenile proceeding must state “with reasonable
particularity the time, place, and manner of the acts alleged.” Tex. Fam. Code Ann. § 53.04 (d)(1)
(Vernon 2002). The allegations in a petition at the adjudication phase of a juvenile proceeding need 
not be as particular as a criminal indictment so long as the allegations are reasonable and definite.
In the Matter of F.C., No. 03-02-00463-CV, 2003 WL 21282766, at *1 (Tex. App.—Austin 2003,
no pet.) (not designated for publication); M.A.V. v. Webb County Court at Law, 842 S.W.2d
739, 745 (Tex. App.—San Antonio 1992, writ denied). Additionally, a petition at the adjudication
phase of a juvenile proceeding need not recite evidentiary facts unless they are essential to proper
notice. In the Matter of F.C., 2003 WL 21282766, at *1; In the Matter of B.P.H., 83 S.W.3d at 405. 
            In contrast to the pleading requirements at the adjudication stage, the Legislature has not
imposed specific requirements on a petition at the disposition modification stage of a juvenile
proceeding. Tex. Fam. Code Ann. § 54.05(d) (Vernon Supp. 2008); see In the Matter of N.R., No.
04-95-00469-CV, 1996 WL 23369, at *1 (Tex. App.—San Antonio 1996, no writ) (not designated
for publication). The controlling statute, section 54.05(d) of the Texas Family Code, provides that
“[a] hearing to modify disposition shall be held on the petition of the child [], or on the petition of
the state, a probation officer, or the court itself.” Tex. Fam. Code Ann. § 54.05(d) (Vernon Supp.
2008). “Reasonable notice of a hearing to modify disposition shall be given to all parties.” Id.
            J.P. acknowledges that the pleading requirements for a petition to modify disposition are less
stringent than the pleading requirements for a petition for adjudication. Nevertheless, J.P. argues the
allegations in the State’s amended petition failed to provide him sufficient notice under 54.05(d) of
the Texas Family Code. We disagree. 
            Here, the State’s amended petition to modify disposition contained the following allegations: 
[] Respondent violated Condition Number TWENTY-THREE (23) of the Conditions
of Probation which states I WILL COOPERATE FULLY AND OBEY ALL OF THE
RULES OF PLACEMENT, when on or about the 14th day of DECEMBER, A.D.,
2006, in Hays County, Texas, the said [J.P.] FAILED TO OBEY THE RULES OF
PLACEMENT WHEN RESPONDENT DISRUPTED CLASS.
 
[] Respondent violated Condition Number TWENTY-THREE (23) of the Conditions
of Probation which states I WILL COOPERATE FULLY AND OBEY ALL OF THE
RULES OF PLACEMENT, when on or about the 22nd day of JANUARY, A.D.,
2007, in Hays County, Texas, the said [J.P.] FAILED TO OBEY THE RULES OF
PLACEMENT WHEN RESPONDENT DISRUPTED CLASS.
 
[] Respondent violated Condition Number TWENTY-THREE (23) of the Conditions
of Probation which states I WILL COOPERATE FULLY AND OBEY ALL OF THE
RULES OF PLACEMENT, when on or about the 16th day of MARCH, A.D., 2007,
in Hays County, Texas, the said [J.P.] FAILED TO OBEY THE RULES OF THE
PLACEMENT WHEN RESPONDENT WAS DISCHARGED FROM
PLACEMENT AS UNSUCCESSFUL.
 
            As demonstrated above, each allegation paragraph in the State’s amended petition specifically
identified: (1) the condition of probation violated; (2) the date the violation occurred; (3) the county
in which the violation occurred; and (4) the manner in which the violation was committed,
i.e.,“disrupted class” or “discharged from placement as unsuccessful.” These allegations were
sufficient to notify J.P. of the grounds on which the State sought to modify his disposition.
            Moreover, it is undisputed that the State tendered J.P. reports from the December 14, 2006
and January 22, 2007 incidents as instructed by the juvenile court. These reports are clear and
concise and provide additional facts about the allegations in the State’s amended petition. 
            For these reasons, we conclude the juvenile court did not act arbitrarily or unreasonably in
denying J.P.’s motion to quash. We, therefore, overrule J.P.’s first issue.
Probation Violations
            Juvenile courts are vested with a great deal of discretion in determining the suitable
disposition of children found to have engaged in delinquent conduct, and this is especially so in
hearings to modify disposition. In the Matter of D.R.A., 47 S.W.3d 813, 815 (Tex. App.—Fort Worth
2001, no pet.); In the Matter of H.G., 993 S.W.2d 211, 213 (Tex. App.—San Antonio 1999, no pet.). 
Appellate courts review an order modifying a juvenile’s disposition under an abuse of discretion
standard. In the Matter of S.A.G., 04-06-00503-CV, 2007 WL 748674, at *3 (Tex. App.—San
Antonio 2007, no pet.); In the Matter of Q.B.B., No. 05-98-01830-CV, 1999 WL 977741 at *1 (Tex.
App.—Dallas 1999, no pet.) (not designated for publication). We apply this standard “divorced from
legal and factual sufficiency standards.” In the Matter of K.T., 107 S.W.3d 65, 67 (Tex. App.—San
Antonio 2003, no pet.). The violation of one condition of probation is sufficient to support a trial
court’s order modifying a juvenile’s disposition. In the Matter of S.G.V., No. 04-05-00605-CV, 2006
WL 923576, at *3 (Tex. App.—San Antonio 2006, no pet.). 
            In his second issue, J.P. argues the trial court abused its discretion when it found he violated
the conditions of his probation. J.P. essentially argues the evidence was legally and factually
insufficient to establish that he failed to obey the rules of the placement program because the rules
were never presented at the modification hearing. 
            A written copy of the placement program rules was not admitted into evidence; however, the
rules relevant to the State’s allegations were presented through witness testimony. Croft testified that
the rules in her class, which was part of the placement program, included respecting oneself and
others, staying in class all day, asking permission to leave one’s seat, ignoring distractions, and
completing assignments. Croft stated she reviewed these rules with J.P. and the other students in her
class about four times a week. Croft also testified the rules in the program’s boot camp component
expressly prohibited the use of profanity. Finally, Croft stated that she observed J.P. engage in
conduct that plainly violated these rules. This conduct included throwing a newspaper at a teacher’s
aide, calling another student names, using profanity, and leaving the classroom without permission.
            Having reviewed the record, we conclude the trial court did not abuse its discretion when it
found that J.P. failed to obey the rules of placement and thereby violated the conditions of his
probation. We, therefore, overrule J.P.’s second issue. 
            The trial court’s order is affirmed. 
                                                                                                Karen Angelini, Justice