Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-07-00612-CV

In the Matter of **J.P.**,
Appellant

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2006-JUV-02022
Honorable Carmen Kelsey, Judge Presiding[1]

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
           Phylis J. Speedlin, Justice
           Steven C. Hilbig, Justice

Delivered and Filed:   October 15, 2008

AFFIRMED

This is an appeal from an order modifying disposition in a juvenile case. The original

disposition order placed appellant J.P. on probation for a period of two years. After a hearing, the

juvenile court modified J.P.'s disposition by extending his term of probation for an additional eleven

months. In two issues, J.P. argues the trial court abused its discretion by (1) denying his motion to

quash the State's amended petition, and (2) finding that he violated the conditions of his probation.

We affirm.

---

[1] The record reflects that the hearing on the State's motion to modify disposition was conducted by the
Honorable John W. Thomas, a juvenile associate judge. The Honorable Carmen Kelsey signed the order of approval.

## PROCEDURAL AND FACTUAL BACKGROUND

In August 2006, a jury found J.P. to have engaged in delinquent conduct by committing a misdemeanor assault. After a disposition hearing, the juvenile court ordered that J.P. be placed on probation for a period of two years in the care, custody, and control of the Chief Juvenile Probation Officer of Bexar County. As a condition of his probation, J.P. was ordered to "cooperate fully and obey all rules of the residential placement program where [he was] placed" and "remain at such facility [] until completing the program or authorized to leave by the Court/Juvenile Probation Department."

In September 2006, J.P. was placed in the Juvenile Intensive Treatment Program ("JITP"), a residential placement program in San Marcos, Texas. The program used a military-like rank system, whereby students who engaged in appropriate conduct were promoted to higher ranks and students who engaged in inappropriate conduct were demoted to lower ranks. The program had a drug treatment component, a boot camp component, and an education component. The education component consisted of an on-site school. On several occasions, J.P. allegedly engaged in conduct that disrupted the classes at the on-site school. On March 16, 2007, J.P. was discharged from the program as unsuccessful and returned to the Bexar County Juvenile Detention Center. J.P. did not complete the residential placement program.

Thereafter, the State filed a petition to modify disposition, alleging J.P. had violated the conditions of his probation by disrupting class and failing to complete the program. J.P. filed a motion to quash, complaining the State's petition did not give him "notice of precisely what he [was] charged with doing and what condition his conduct violated." The State then amended its petition to modify disposition.

The trial court held a hearing on J.P.'s motion to quash. At this hearing, J.P.'s attorney stated the motion could also be termed "a motion for greater particularity" because "[w]e are asking for the State to tell us what he is actually accused of doing." After J.P. presented his motion to quash, the trial court stated:

> I have a solution. State, either provide [J.P.'s attorney] a copy of all those disruptive acts so he can defend [him] on any possible disruptive act you might present, or replead the case more specifically . . . . It is your choice.

The State opted to provide J.P.'s attorney with the incident reports that had been prepared by one of J.P.'s former teachers and described the disruptive conduct alleged. The trial court then denied J.P.'s motion to quash.

At trial, the State presented the testimony of several witnesses, including the testimony of Margaret Ann Croft, the teacher who had witnessed the disruptive conduct alleged in the State's amended petition and prepared the incident reports. Croft recounted two occasions when J.P. violated the rules in her class. First, Croft testified that on December 14, 2006, J.P. threw a newspaper at a teacher's aide, shouted, used profanity, and left the classroom without permission. Second, Croft testified that on January 22, 2007, J.P. called another student names, shouted, used profanity, and hit and kicked the classroom door. The State also presented the testimony of Paul Schenking, a juvenile probation officer. Schenking testified that on March 16, 2007, J.P. dropped to the lowest rank and was discharged from the program.

After hearing this evidence, the juvenile court found J.P. had violated the conditions of his probation as alleged in the State's amended petition. After hearing additional evidence related to the disposition modification, the juvenile court extended J.P.'s term of probation for an additional eleven months.

**MOTION TO QUASH**

In his first issue, J.P. argues the trial court abused its discretion when it denied his motion to quash because the State's amended petition to modify disposition did not plead the specific manner in which he failed to obey the rules and disrupted class. According to J.P., the purported pleading defect failed to provide him sufficient notice of the allegations against him.

As a preliminary matter, we address the use of a motion to quash to raise a pleading defect in a juvenile proceeding. Juvenile proceedings are generally governed by the Texas Rules of Civil Procedure. *See* TEX. FAM. CODE ANN. § 51.17(a) (Vernon Supp. 2008). Thus, a complaint about a pleading defect in a juvenile proceeding should be raised by special exceptions, not by a motion to quash. *See In the Matter of M.T.*, No. 13-05-00434-CV, 2007 WL 2265072, at *2 n.1 (Tex. App.—Corpus Christi 2007, no pet.); *see also* TEX. R. CIV. P. 90, 91. Nevertheless, some courts have treated improperly filed motions to quash as special exceptions. *See R.K.D. v. State,* No. 01-94-00527-CV, 1995 WL 2913, at *4 (Tex. App.—Houston [1st Dist.] 1995, no writ) (not designated for publication); *Mena v. State*, 633 S.W.2d 564, 565 (Tex. App.—Houston [14th Dist.] 1982, no writ); *but see In the Matter of R.R.*, No. 12-07-00041-CV, 2008 WL 2440229, at *4 (Tex. App.—Tyler 2008, no pet.).

Appellate courts review the juvenile court's decision to grant or deny a motion to quash juvenile pleadings, as well as a juvenile court's ruling on special exceptions, for an abuse of discretion. *See In the Matter of R.R.*, 2008 WL 2440229, at *1; *In the Matter of B.P.H.*, 83 S.W.3d 400, 405 (Tex. App.—Fort Worth 2002, no pet.). The juvenile court abuses its discretion if it acts arbitrarily or unreasonably. *In the Matter of K.J.N.*, 103 S.W.3d 465, 466 (Tex. App.—San Antonio 2003, no pet.).

"The [Texas] Legislature [has] provided different rules for different stages of a juvenile proceeding." *In the Matter of J.P.*, 136 S.W.3d 629, 630 (Tex. 2004). The Legislature has provided that a petition at the adjudication stage of a juvenile proceeding must state "with reasonable particularity the time, place, and manner of the acts alleged." TEX. FAM. CODE ANN. § 53.04 (d)(1) (Vernon 2002). The allegations in a petition at the adjudication phase of a juvenile proceeding need not be as particular as a criminal indictment so long as the allegations are reasonable and definite. *In the Matter of F.C.*, No. 03-02-00463-CV, 2003 WL 21282766, at *1 (Tex. App.—Austin 2003, no pet.) (not designated for publication); *M.A.V. v. Webb County Court at Law*, 842 S.W.2d 739, 745 (Tex. App.—San Antonio 1992, writ denied). Additionally, a petition at the adjudication phase of a juvenile proceeding need not recite evidentiary facts unless they are essential to proper notice. *In the Matter of F.C.*, 2003 WL 21282766, at *1; *In the Matter of B.P.H.*, 83 S.W.3d at 405.

In contrast to the pleading requirements at the adjudication stage, the Legislature has not imposed specific requirements on a petition at the disposition modification stage of a juvenile proceeding. TEX. FAM. CODE ANN. § 54.05(d) (Vernon Supp. 2008); *see In the Matter of N.R.*, No. 04-95-00469-CV, 1996 WL 23369, at *1 (Tex. App.—San Antonio 1996, no writ) (not designated for publication). The controlling statute, section 54.05(d) of the Texas Family Code, provides that "[a] hearing to modify disposition shall be held on the petition of the child [], or on the petition of the state, a probation officer, or the court itself." TEX. FAM. CODE ANN. § 54.05(d) (Vernon Supp. 2008). "Reasonable notice of a hearing to modify disposition shall be given to all parties." *Id*.

J.P. acknowledges that the pleading requirements for a petition to modify disposition are less stringent than the pleading requirements for a petition for adjudication. Nevertheless, J.P. argues the

allegations in the State's amended petition failed to provide him sufficient notice under 54.05(d) of the Texas Family Code. We disagree.

Here, the State's amended petition to modify disposition contained the following allegations:

[] Respondent violated Condition Number TWENTY-THREE (23) of the Conditions of Probation which states I WILL COOPERATE FULLY AND OBEY ALL OF THE RULES OF PLACEMENT, when on or about the 14th day of DECEMBER, A.D., 2006, in Hays County, Texas, the said [J.P.] FAILED TO OBEY THE RULES OF PLACEMENT WHEN RESPONDENT DISRUPTED CLASS.

[] Respondent violated Condition Number TWENTY-THREE (23) of the Conditions of Probation which states I WILL COOPERATE FULLY AND OBEY ALL OF THE RULES OF PLACEMENT, when on or about the 22nd day of JANUARY, A.D., 2007, in Hays County, Texas, the said [J.P.] FAILED TO OBEY THE RULES OF PLACEMENT WHEN RESPONDENT DISRUPTED CLASS.

[] Respondent violated Condition Number TWENTY-THREE (23) of the Conditions of Probation which states I WILL COOPERATE FULLY AND OBEY ALL OF THE RULES OF PLACEMENT, when on or about the 16th day of MARCH, A.D., 2007, in Hays County, Texas, the said [J.P.] FAILED TO OBEY THE RULES OF THE PLACEMENT WHEN RESPONDENT WAS DISCHARGED FROM PLACEMENT AS UNSUCCESSFUL.

As demonstrated above, each allegation paragraph in the State's amended petition specifically identified: (1) the condition of probation violated; (2) the date the violation occurred; (3) the county in which the violation occurred; and (4) the manner in which the violation was committed, *i.e.*, "disrupted class" or "discharged from placement as unsuccessful." These allegations were sufficient to notify J.P. of the grounds on which the State sought to modify his disposition.

Moreover, it is undisputed that the State tendered J.P. reports from the December 14, 2006 and January 22, 2007 incidents as instructed by the juvenile court. These reports are clear and concise and provide additional facts about the allegations in the State's amended petition.

For these reasons, we conclude the juvenile court did not act arbitrarily or unreasonably in denying J.P.'s motion to quash. We, therefore, overrule J.P.'s first issue.

**PROBATION VIOLATIONS**

Juvenile courts are vested with a great deal of discretion in determining the suitable disposition of children found to have engaged in delinquent conduct, and this is especially so in hearings to modify disposition. *In the Matter of D.R.A.*, 47 S.W.3d 813, 815 (Tex. App.—Fort Worth 2001, no pet.); *In the Matter of H.G.*, 993 S.W.2d 211, 213 (Tex. App.—San Antonio 1999, no pet.). Appellate courts review an order modifying a juvenile's disposition under an abuse of discretion standard. *In the Matter of S.A.G.*, 04-06-00503-CV, 2007 WL 748674, at *3 (Tex. App.—San Antonio 2007, no pet.); *In the Matter of Q.B.B.*, No. 05-98-01830-CV, 1999 WL 977741 at *1 (Tex. App.—Dallas 1999, no pet.) (not designated for publication). We apply this standard "divorced from legal and factual sufficiency standards." *In the Matter of K.T.*, 107 S.W.3d 65, 67 (Tex. App.—San Antonio 2003, no pet.). The violation of one condition of probation is sufficient to support a trial court's order modifying a juvenile's disposition. *In the Matter of S.G.V.*, No. 04-05-00605-CV, 2006 WL 923576, at *3 (Tex. App.—San Antonio 2006, no pet.).

In his second issue, J.P. argues the trial court abused its discretion when it found he violated the conditions of his probation. J.P. essentially argues the evidence was legally and factually insufficient to establish that he failed to obey the rules of the placement program because the rules were never presented at the modification hearing.

A written copy of the placement program rules was not admitted into evidence; however, the rules relevant to the State's allegations were presented through witness testimony. Croft testified that the rules in her class, which was part of the placement program, included respecting oneself and others, staying in class all day, asking permission to leave one's seat, ignoring distractions, and completing assignments. Croft stated she reviewed these rules with J.P. and the other students in her

class about four times a week. Croft also testified the rules in the program's boot camp component expressly prohibited the use of profanity. Finally, Croft stated that she observed J.P. engage in conduct that plainly violated these rules. This conduct included throwing a newspaper at a teacher's aide, calling another student names, using profanity, and leaving the classroom without permission.

Having reviewed the record, we conclude the trial court did not abuse its discretion when it found that J.P. failed to obey the rules of placement and thereby violated the conditions of his probation. We, therefore, overrule J.P.'s second issue.

The trial court's order is affirmed.

Karen Angelini, Justice