

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00072-CV
No. 07-14-00073-CV

IN THE MATTER OF L.A.G.R.

On Appeal from the County Court at Law No 1, Denton County, Texas
Trial Court Nos. JV-2012-01011, JV-2012-00919,
Honorable Kimberly C. McCary, Presiding

October 28, 2014

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, L.A.G.R., appeals the trial court's denial of his pretrial motions to quash and the trial court's December 18, 2013 Orders Modifying Disposition Probation Adjudication that found that L.A.G.R. violated a term or condition of his juvenile probations and modifying his disposition to impose probation for a one-year period. We will reverse.

Factual and Procedural Background[1]

On March 7, 2013, L.A.G.R. entered pleas of true in juvenile court to allegations that he engaged in delinquent conduct by possessing marijuana, less than two ounces, and intentionally or knowingly damaging or destroying tangible property with a value of $50 or more but less than $500. Based on these pleas, L.A.G.R. was placed on probation for nine months.

On October 2, 2013, the State filed motions to modify disposition alleging that L.A.G.R. violated term 6A of his probation when, on or about September 24, 2013, he failed to obey all published school rules of Ryan High School. On October 31, L.A.G.R. filed motions to quash the State's petitions alleging that the petitions were vague and did not give L.A.G.R. adequate notice of the charges against him. After holding a hearing on the motions to quash, the trial court denied the motions.

On December 18, the proceedings on the State's motions to modify disposition commenced. After announcing ready but before any evidence was offered, L.A.G.R. made a motion for continuance again alleging a lack of notice of the particular school rule that was allegedly violated. The trial court denied the motion due to its untimeliness. After hearing the evidence, the trial court found that L.A.G.R. had violated the terms of his probation and placed L.A.G.R. on twelve months' probation. L.A.G.R. timely filed notices of appeal.

---

[1] Pursuant to the Texas Supreme Court's docket equalization efforts, these cases were transferred to this Court from the Second Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). That being so, we must decide this case "in accordance with the precedent of the transferor court under principles of *stare decisis*" if our decision otherwise would have been inconsistent with the precedent of the transferor court. TEX. R. APP. P. 41.3; *Phillips v. Phillips*, 296 S.W.3d 656, 672 (Tex. App.—El Paso 2009, pet. denied).

L.A.G.R. presents two issues by his appeal. His first issue contends that the trial court erred in denying L.A.G.R.'s motions to quash the petitions to modify disposition. His second issue contends that the evidence was insufficient to establish that L.A.G.R. violated a term of his probation because the evidence merely proved that the school had determined that L.A.G.R. had violated a school rule.

## Motion to Quash

By his first issue, L.A.G.R. contends that the trial court erred when it denied his motions to quash the State's petitions to modify disposition. Specifically, L.A.G.R. contends that due process required the State to identify which of the many school rules of Ryan High School that L.A.G.R. was accused of having violated so that L.A.G.R. could adequately prepare his defense and so that he would be protected from being twice held in jeopardy for the same conduct.

Initially, we must address L.A.G.R.'s use of a motion to quash to raise a pleading defect in a juvenile proceeding. Juvenile proceedings are generally governed by the Texas Rules of Civil Procedure. *See* TEX. FAM. CODE ANN. § 51.17(a) (West 2014). As such, a complaint about a pleading defect in a juvenile proceeding should be raised by special exceptions, not by a motion to quash. *In re M.T.*, No. 13-05-00434-CV, 2007 Tex. App. LEXIS 6324, at *4-5 n.1 (Tex. App.—Corpus Christi Aug. 9, 2007, no pet.) (mem. op.); *see* TEX. R. CIV. P. 90, 91. However, because we are to construe pleadings liberally, we treat an improperly filed motion to quash as special exceptions. *In re M.T.*, 2007 Tex. App. LEXIS 6324, at *5 n.1 (citing *In re J.B.M.*, 157 S.W.3d 823, 826 (Tex.

3

App.—Fort Worth 2005, no pet.), and *Mena v. State*, 633 S.W.2d 564, 565 (Tex. App.—Houston [14th Dist.] 1982, no pet.)).

"A motion to quash should be granted only where the language regarding the accused's conduct is so vague or indefinite that it fails to give the accused adequate notice of the acts he allegedly committed." *In re B.P.H.*, 83 S.W.3d 400, 405 (Tex. App.—Fort Worth 2002, no pet.). We will uphold the trial court's denial of a motion to quash as long as it did not abuse its discretion. *Id.*

The Texas Legislature has proscribed different rules for different stages of a juvenile proceeding. *In re J.P.*, 136 S.W.3d 629, 630 (Tex. 2004). At the adjudication stage, the petition must state "with reasonable particularity the time, place, and manner of the acts alleged and the penal law or standard of conduct allegedly violated by the acts." TEX. FAM. CODE ANN. § 53.04(d)(1) (West 2014). By contrast, the Family Code does not mandate specific pleading requirements at the disposition modification stage of a juvenile proceeding. *See* TEX. FAM. CODE ANN. § 54.05(d) (West 2014); *In re J.P.*, No. 04-07-00612-CV, 2008 Tex. App. LEXIS 7780, at *7 (Tex. App.—San Antonio Oct. 15, 2008, no pet.) (mem. op.). "Reasonable notice" is all that is required at the disposition modification stage. TEX. FAM. CODE ANN. § 54.05(d). Because the issue at a modification hearing is not whether the juvenile engaged in the conduct the State first accused him of committing, the modification petition need only give reasonable notice of an alleged violation of probation. *See In re B.L.B.*, No. 03-09-00264-CV, 2010 Tex. App. LEXIS 3886, at *8-9 (Tex. App.—Austin May 20, 2010, no pet.) (mem. op.).

4

Our sister courts have held that a modification petition in a juvenile proceeding provided reasonable notice when the "petition specifically identified: (1) the condition of probation violated; (2) the date the violation occurred; (3) the county in which the violation occurred; and (4) the manner in which the violation was committed, *i.e.*, 'disrupted class' or 'discharged from placement as unsuccessful.'" *In re J.P.*, 2008 Tex. App. LEXIS 7780, at *9; *see In re J.A.S.*, No. 13-06-00280-CV, 2008 Tex. App. LEXIS 9420, at *11-12 (Tex. App.—Corpus Christi Dec. 18, 2008, no pet.) (mem. op.) (holding modification petition that identified the condition of probation violated, date of the alleged violation, and manner in which the violation was committed was sufficient notice).

In both of the present cases, the State's motions to modify disposition alleged that L.A.G.R. violated "Term 6A of [his] probation" because he "failed to obey all published school rules of Ryan High School as required on or about September 24, 2013." The crux of the dispute is whether the identification of the manner in which L.A.G.R. committed the alleged violation, *i.e.*, "failed to obey all published school rules of Ryan High School," was sufficient to have provided L.A.G.R. with reasonable notice of the alleged violation.

The trial court found that the State's motions to modify disposition were sufficiently specific to meet the minimum requirements for notice.[2] While we would

---

[2] At the conclusion of the hearing on L.A.G.R.'s motion to quash, the trial court explained the basis for its denial of the motion, as follows:

> But I do find, for a motion to modify, with the specificity that the State has alleged, that it does meet the minimum requirements for notice. The State could have alleged more. I don't think that they're required to have alleged more. I think that they point out the exact

agree that the State could have and probably should have been more specific in alleging which school rule L.A.G.R. violated on or about September 24, 2013, we conclude that the allegations contained in the State's motion to modify disposition provided L.A.G.R. sufficient notice. The provision of a specific date upon which the violation occurred combined with the identification that L.A.G.R. violated a school rule seems to provide the same notice as identifying a specific date upon which J.P. "disrupted class," and the J.P. modification petition was held to provide sufficient notice. *See In re J.P.*, 2008 Tex. App. LEXIS 7780, at *9.

Because we conclude that the State provided sufficient notice of the alleged violation of probation in its motions to modify disposition, we affirm the trial court's denial of L.A.G.R.'s motions to quash and overrule L.A.G.R.'s first appellate issue.

Sufficiency of the Evidence

By his second issue, L.A.G.R. contends that the evidence was insufficient to establish that he violated a term of his probation because the State's only evidence proved that the school had made a determination that L.A.G.R. had violated a school rule.

A trial court must find, by a preponderance of evidence, that a child violated a reasonable and lawful order of the court to support a modification of a juvenile disposition. *See* TEX. FAM. CODE ANN. § 54.05(f), (j); *In re J.T.*, 247 S.W.3d 319, 320

term, and then, further, that -- they do the exact provision of that term, which is compound. They tell you the school and the actual date.

And so for those specificity reasons and the idea that on a motion to modify our rules are a little bit less clear, due process certainly does still exist, but I believe that the motion to modify satisfies at least the minimum requirements of notice.

(Tex. App.—El Paso 2007, no pet.). Juvenile courts are vested with a great deal of discretion in determining the appropriate disposition of children found to have engaged in delinquent conduct, especially in the context of hearings to modify disposition. *In re D.R.A.*, 47 S.W.3d 813, 815 (Tex. App.—Fort Worth 2001, no pet.). Appellate courts review an order modifying a juvenile's disposition under an abuse of discretion standard. *In re J.P.*, 2008 Tex. App. LEXIS 7780, at *10. The violation of one condition of probation is sufficient to support a trial court's order modifying a juvenile's disposition. *Id.*

In the present case, the State offered the testimony of L.A.G.R.'s probation officer that she went over the terms and conditions of L.A.G.R.'s probation with him and his mother. In addition, the assistant principal at L.A.G.R.'s school, Nicole May, testified that she was informed that L.A.G.R. had violated the school's rules. She investigated the allegation and made a determination that L.A.G.R. had violated the school's rules by being involved in gang activity, including possessing gang-related drawings and setting up a gang-related fight. On the basis of this assessment, May placed L.A.G.R. in an off-campus disciplinary alternative education program (DAER) for ninety days.[3] However, May did not testify as to how any of the drawings possessed by L.A.G.R. were gang related. Further, while she did testify about L.A.G.R. setting up a gang-related fight on Facebook, May specifically testified that the portion of the discussion that related the potential fight to gang activity was not included in the evidence presented to the trial court. Consequently, May's testimony that the potential fight was gang related is

---

[3] We are not presented with the issue of whether the school, specifically May, had enough evidence to conclude that L.A.G.R. was "involved in gang activity." In reviewing the record before us, we conclude that any evidence that would establish that L.A.G.R. was "involved in gang activity" was not presented to the trial court.

essentially opinion testimony without any identified basis for the opinion. As such, we conclude that there was no evidence offered that L.A.G.R. was "involved in gang activity" and, therefore, there was no evidence offered upon which the trial court could conclude that L.A.G.R. violated the school's rules.

The State contends that the El Paso Court of Appeals held in *In re J.T.* that evidence that a probation officer went over the terms and conditions of probation with the probationer and his parents combined with the testimony of a school official that the probationer had been suspended was sufficient evidence to support the trial court's finding of a violation of the terms of probation. However, J.T.'s probation included a term that he "not be suspended or expelled from school." *In re J.T.*, 247 S.W.3d at 320. Therefore, the evidence that J.T. had been suspended from school was all that was required to prove a violation of the terms of his juvenile probation. *See id.* at 321. By contrast, the terms of L.A.G.R.'s probation prohibit him from violating a school rule. While May testified that L.A.G.R. was placed in DAER, a form of in-school suspension, she did not present evidence that would establish that L.A.G.R. violated a school rule by being "involved in gang activity."

Because there was no evidence that L.A.G.R. violated a term of his probation by violating a school rule, we conclude that the trial court abused its discretion in finding that L.A.G.R. violated the terms of his probation. As such, we sustain L.A.G.R.'s second issue and reverse the trial court's order modifying disposition probation adjudication.

## Conclusion

Having found no evidence to support modification of L.A.G.R.'s juvenile probation, we reverse and vacate the trial court's December 18, 2013 Order Modifying Disposition Probation Adjudication.

Mackey K. Hancock
Justice